## Martin v. Board of Council of City of Danville et al.

(Decided Oct. 11, 1938.)

JAY W. HARLAN for appellant.

HENRY JACKSON and P. J. CLARKE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On June 7, 1938, S. D. Martin made application to the state tax commission of Kentucky constituting the Alcoholic Beverage Control Board for license to sell distilled liquors in unbroken packages at 940 Dillehay

street in Danville, Kentucky, the application being accompanied by the required bond. On July 7, the license was granted after payment of the statutory license fee.

In 1936 the board of council of the city of Danville adopted a zoning ordinance providing that the sale of intoxicating liquors in the city be restricted to an area fully described in the ordinance and referred to as the business district. On June 21, 1938, the board of council of the city adopted a resolution requesting that M. J. Farris, county judge of Boyle county, who under the provisions of the Alcoholic Control Act, Kentucky Statutes, section 2554b-110, Baldwin's 1938 Supplement, was also alcoholic beverage administrator of that county, to embody in the rules and regulations promulgated and adopted by him a rule conforming to the 1936 zoning ordinance. Judge Farris made and adopted such rule and regulation.

Thereafter Mr. Martin filed a request with Judge Farris, as county administrator, to approve his application and asked for county license and also made application to the board of council for a city license to sell distilled liquors in unbroken packages. Both applications were refused on the ground that the place where the liquors were proposed to be sold was outside the business district of Danville as defined in the rules and regulations adopted by the county administrator and by the ordinance adopted by the council.

Thereupon Mr. Martin instituted this action asking that the board of council be mandatorily enjoined to grant him a city license and that M. J. Farris, county administrator, be required by mandatory injunction to approve his application and as county judge to cause to be issued to him a county license. He further asked that the chief of police, the sheriff of the county, the county judge and the police judge of the city be enjoined from prosecuting him for the sale of distilled spirits because of want of county and city license.

The cause having been submitted upon the special and general demurrers to the petition and motion to dissolve the temporary restraining order, and upon the motion of plaintiff for temporary, and permanent injunction, it was adjudged that the court was without jurisdiction to try the issues and questions involved because under the provisions of the Alcoholic Beverage Control

law all such questions and issues should be first tried and determined by the state Alcoholic Beverage Control Board on appeal; and that any appeal from the board's ruling, if desired, should be taken to the Franklin Circuit Court; that the special demurrer and also the motion to dissolve the temporary restraining order be sustained and plaintiff's motion for temporary and permanent injunction overruled. Plaintiff declining to further plead, it was further adjudged that the petition be dismissed and he is appealing.

Under section 7 of the Alcoholic Control Act, passed in 1938, Laws 1938, c. 2, Kentucky Statutes, 2554b-103, Baldwin's 1938 Supplement, it is provided that the Kentucky Tax Commission shall constitute the alcoholic beverage control board and the powers and functions of such board are fully set out therein. Under section 14 of the act, Kentucky Statutes, 2554b-110, Baldwin's 1938 Supplement, it is provided that the county judge, in circumstances shown by the record, shall be the county alcoholic beverage administrator and the functions, powers and duties of such administrator are by that section made the same with respect to local licenses and regulations as the functions and powers of the state alcoholic beverage control board with respect to state licenses and regulations; except that no rule or regulation adopted by a county administrator may be less stringent than those set up by the act itself or by the state control board. The act further provides that appeal from any orders of the county administrator may be taken by any party aggrieved to the state alcoholic control board. Section 48 of the act, Kentucky Statutes, 2554b-146 (1938 Supplement), provides how the appeal shall be heard by the board and section 49 of the act, Kentucky Statutes, 2554b-147, provides for appeal from the orders of the board to the Franklin circuit court.

It certainly requires no argument to demonstrate that no inherent right of appellant nor any right under the common law is involved. It is not even denied that any right to have a liquor license granted is conferred solely by statute. It is an established rule that where a right is a new one, unknown to the common law, and created by statute the remedy provided by statute for the enforcement or protection of such right is exclusive and must be followed. Grimes v. Central Life Insur-

ance Company, 172 Ky. 18, 188 S. W. 901. In 1 Am. Jur. 411, it is said:

"It is an established principle that if the statute creating a new right where none existed before provides, also, a valid remedy for the enforcement of the right created, the remedy thus given must be pursued in the enforcement of the right to the exclusion of any other remedy, provided it is an adequate one * * *."

See, also, 1 C. J. S., Actions, section 25, p. 1066, and Nelson v. First National Bank, 8 Cir., 42 F. (2d) 30, and cases cited in those authorities.

If the lower court was without jurisdiction it could only determine that question and none other can be considered on appeal. Under the authorities cited it is manifest that the judgment is correct and therefore should be and is affirmed.