## Lanham v. Felts.

March 12, 1948.

Ray C. Lewis, Judge.

852

J. Milton Luker for appellant.

Wm. A. Hamm for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

Appellee, Ernest Felts, brought this action against appellant, Mae Lanham, and her husband, Loren Lanham, to recover $900 damages resulting from the failure of title to an automobile he purchased from the Lanhams. The petition charges that the Lanhams conspired to, and did, fraudulently sell Felts a car to which they had no title. The husband was in prison at the time of the trial for stealing the car sold to Felts and the trial was only as to Mae, which resulted in a verdict against her for $650. From the judgment entered thereon she appeals.

In seeking to reverse the judgment appellant insists: (1) that a verdict should have been directed in

her behalf; (2) incompetent evidence was admitted over her objection; (3) appellee knew of, or could have discovered, the defective title to the car; (4) the instructions were erroneous.

The facts involved in this action will be briefly stated. Loren stole the car in question on December 8, 1945, from Willie Baldwin while it was parked in Covington, Kentucky. He brought the car to his home in Corbin and turned it over to his wife, who testified it was given to her as a Christmas present. She admitted "she might" have told appellee it was her car when he was negotiating its purchase in April 1946, but denied she told J. M. Fields and H. J. McClure she had title to the car, although both of them testified she did. Mae testified she did not know this car was stolen; that she never inquired where her husband got it as that was his business, since he dealt in cars. When appellee purchased the car Mae asked her husband for the money it had brought, but he refused to give it to her.

There is a conflict in the testimony as to whether Mae represented to Felts that she could make him a good title to the car. Felts testified that both Mae and her husband told him she could, while she denied it. She testified that some two weeks before the officers recovered the car her husband came home drunk and beat her to such an extent that she had to enter a hospital. After that they separated and he gave her certain livestock, a truck, deeded her their home and left her with four children to support; but she filed no suit for divorce. When her husband was arrested in Cincinnati he had considerable money on him, which he sent to his wife by his brother-in-law.

Willie Hall was arrested in Corbin as being connected with her husband in stealing cars and when appellant and her sister-in-law went to the jail to see Willie, appellant was arrested. She had $333 on her when arrested which was attached in this action in the hands of the jailer. Also her account of $750 was attached in the First National Bank of Corbin. Despite the severe beating her husband gave her just two weeks before, and despite the fact she cared nothing about him, she made several trips to Cincinnati to see him after he was arrested.

It is patent there was sufficient evidence to submit to the jury whether appellant conspired with her husband to fraudulently sell this stolen car to Felts, who was the uncle of her husband, hence the court did not err in refusing to direct a verdict for appellant. Nor is the verdict flagrantly against the evidence; indeed, it is amply supported by the evidence.

Some of the incompetent evidence complained of was appellee testified that appellant's husband told him he was acting as agent for his wife in selling the car. It is well-settled that agency can not be established by the declarations of the alleged agent. Louisville & N. R. Co. v. Byrley, 152 Ky. 35, 153 S. W. 36, Ann. Cas. 1915B, 240; Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S. W. 2d 379. But the petition charges a conspiracy, and the same rule applies in both civil and criminal cases that the declarations of the conspirators may be introduced after the conspiracy is established. 11 Am. Jur., "Conspiracy," section 40, p. 571; Addison v. Wilson, 238 Ky. 143, 37 S. W. 2d 7.

The other incompetent evidence complained of relates to Willie Hall's arrest in connection with appellant's husband, and of her being arrested when she visited Willie in jail. Appellant is shown to be a person of bad moral reputation and such evidence tends to connect her with her husband in a conspiracy to sell this stolen car, and it is competent.

The remaining question in the case is, did the purchaser, Felts, have knowledge that the car had been stolen when he saw appellant's husband sign the name of Willie Baldwin (the true owner of the car) to the bill of sale? If appellee had knowledge that the car was stolen, or was in possession of facts which would put a man of ordinary prudence on guard and he failed to make inquiry into the title of the car, then he can not recover. Farmers' Trust Co. of Harrodsburg v. Threlkeld's Adm'x, 257 Ky. 211, 77 S. W. 2d 616; Sego v. Lynch, 233 Ky. 176, 25 S. W. 2d 353.

Felts testified that he was 12 feet away from Lanham when he forged Baldwin's name to the bill of sale and did not know he had done so until they left the notary's office, got into the car and he had paid Lanham $650.00, whereupon the latter delivered to him the bill

of sale, and it was then he discovered Baldwin's name had been signed to it. Felts immediately inquired of Lanham as to the regularity of the bill of sale, and he was assured by Lanham it was done to prevent executing two bills of sale and it was "all right to sell it that way." The undisputed testimony is that appellee had no intimation that the car was stolen property, or that Lanham had forged Baldwin's name to the bill of sale until after appellee had parted with his money. Felts, a preacher and a carpenter, testified Lanham's statement that the bill of sale was regular reassured him and he felt satisfied about the transaction until the car was taken from his possession by the officers. In these circumstances the Threlkeld case, 257 Ky. 211, 77 S. W. 2d 616, and the Sego case, 233 Ky. 176, 25 S. W. 2d 353, have no application, since Felts received no information which would put a reasonably prudent man on his guard until after he had parted with his money.

Appellant vigorously insists that the court erred in failing to give the second instruction she offered. That instruction in effect told the jury if they believed at the time Felts bought the car he knew, or by the exercise of ordinary care could have known, it was stolen, then the verdict should be for her. The instruction correctly states the law, but the facts in this case make it inapplicable. There is no evidence that Felts had any knowledge or information *at the time* he bought this car that it was stolen. It was not until after he had parted with his money that he had discovered Lanham had signed Baldwin's name to the bill of sale.

For the reasons given the judgment is affirmed.