**COMMONWEALTH of Kentucky, NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,**

v.

**MIC–BAR, INC., Appellee.**

**No. 88–CA–703–MR.**

Court of Appeals of Kentucky.

Dec. 29, 1988.

Case Ordered Published by Court of Appeals February 24, 1989.

Glenna Jo Curry, James J. Grawe, James L. Dickinson, Natural Resources and Environmental Protection Cabinet, Office of the Gen. Counsel, Frankfort, for appellant.

Gregory L. Hall, Johnson, Vanover & Hall, Pikeville, for appellee.

Before HAYES, MILLER and WEST, JJ.

WEST, Judge.

This appeal is from an order of the Pike Circuit Court which set aside an order of the Natural Resources and Environmental Protection Cabinet, (Cabinet), fining the Appellee, MIC–BAR, Inc., five thousand dollars ($5,000.00) for noncompliance with 405 KAR 8:010.

The evidence at the administrative hearing consisted of testimony of Mike Rowe and Billy Ratliff, mine inspectors for the Cabinet, and documentary evidence including notice of non-compliance and mine inspection reports. The evidence adduced showed that MIC–BAR, while operating under permit # 898–0215, filed an application February 21, 1986, for an additional permit to operate a surface mine on adjacent land.

On June 9, 1986, subsequent to the application but before the issuance of the second permit, the mine inspectors visited the prospective MIC–BAR mine site. They discovered that the land had been disturbed and a 20 × 200–300 foot road "cut" onto the proposed mine site. Both inspectors testified that "brushing", (i.e. removal of timber and undergrowth) had occurred. During their investigation, these inspectors spoke with Sam Hamilton, an employee of MIC–BAR, who was present at the mine site. Although Hamilton was not called to

testify at the hearing, the inspectors were allowed over the objection of MIC–BAR, to testify that Hamilton told them that he had built the road in anticipation of an amendment to the existing MIC–BAR permit. The inspectors then cited MIC–BAR for noncompliance under 405 KAR 8:010 and KRS 350.060(1), for disturbing the land before the original permit had been amended. Hamilton signed the forms acknowledging receipt of notice of this violation.

After returning to their office, the inspectors contacted Frankfort and ascertained that the disturbance they had observed was on land outlined in the application for MIC–BAR's second permit. The inspectors then vacated the first noncompliance order, in regard to the amendment, and cited MIC–BAR under 405 KAR 8:010 for disturbing land in facilitation of mining before the issuance of a permit. Following the administrative hearing the Cabinet entered an order assessing a $5,000.00 fine.

On appeal, the circuit court set aside the Cabinet's order and fine, holding that the Cabinet failed to prove who had caused this disturbance or when the disturbance had taken place. Further, the court held that the Cabinet failed to show that this disturbance was in facilitation of mining prior to the issuance of a permit.

In Kentucky, a reviewing court should not disturb a finding by an administrative agency if such a finding is supported by substantial evidence. *Starks v. Kentucky Health Facilities*, Ky.App., 684 S.W.2d 5, 6 (1985). The test is "whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men". *Id.* Our review of the record demonstrates that the Cabinet's findings were supported by competent and substantial evidence. Therefore, it was clearly erroneous for the Pike Circuit Court to set aside the Cabinet's order and accordingly, we reverse.

MIC–BAR argues that under KRS 350.-060 and 405 KAR 8:010 the Commonwealth failed to prove that this disturbance was to facilitate mining.

KRS 350.010(1) defines surface mining operations in pertinent part as:

... (1) activities conducted on the surface of lands in connection with a surface coal mine.... Surface coal mining operations shall also include the areas upon which such activities occur or where such activities disturb the natural land surface. Such areas shall also include ... all lands affected by the construction of new roads or the improvement or use of existing roads to gain access to the site of such activities.

Further, KRS 350.060(1) provides that no person shall engage in surface coal mining and reclamation operations without having first obtained from the Cabinet a permit designating the area of land to be affected by the operation. *See also* 405 KAR 8:010.

There is substantial evidence in the record to support the finding that the disturbance, for which MIC–BAR was cited, was to facilitate a surface mining operation. The statement made by MIC–BAR's employee, Sam Hamilton, to the inspectors removes any doubt that the disturbance was in fact to facilitate surface mining activities, either before an amendment was issued to the existing permit, or before the second permit was issued.

MIC–BAR argues that this statement constitutes hearsay and should not have been accepted as evidence. One of the recognized exceptions to the hearsay rule allows hearsay statements to be admitted into evidence if the statement was made by an agent of the party defendant while the agent is transacting business entrusted to him by his principal, and if made within the actual or apparent scope of his authority. *Layman v. Ben Snyder, Inc.*, Ky., 305 S.W.2d 319, 322 (1957). This rule does not allow the agency relationship to be proven by the hearsay statements. However, where the agency relationship is proven by other evidence the statement should be admitted. *Lanham v. Felts*, 306 Ky. 851, 209 S.W.2d 472, 473 (1948). The agency relationship between Hamilton and MIC–BAR was proved by other evidence. The inspectors testified that Hamilton had been on the MIC–BAR mine sites when earlier inspections were conducted. The agency relationship between MIC–BAR and

Hamilton was demonstrated by inspection records kept in the ordinary course of the inspectors' business. Further, these same records contained Sam Hamilton's signature as a representative of MIC–BAR. The circuit court ruled correctly that these records were admissible as an exception to the hearsay rule. Therefore, with those records as separate proof of the agency relationship in the record, the admissions of Sam Hamilton were also admissible. Even though inspector Mike Rowe agreed that the cutting of trees and "brushing" the area did not conclusively mean that the disturbance was in anticipation of mining, the statement made by Sam Hamilton, agent of MIC–BAR, left no doubt that this disturbance was indeed to facilitate the future surface mine.

The appellee next argues that before a permittee can be found to have violated 405 KAR 8:010, and KRS 350.060, the disturbance must be shown to have occurred prior to the issuance of a permit. There is substantial evidence in the record to support the finding that the road was constructed prior to the issuance of the permit. First, the permit application, which would affect this tract of land, was submitted by MIC–BAR on February 21, 1986. Next, testimony from the record demonstrates that Billy Ratliff, and Doug Hale, a state mine inspector, met with Mr. Hamilton on May 19, 1986 at the MIC–BAR mine site. There is no evidence of disturbance prior to this date in May. Finally, the citation for noncompliance was issued on June 9, 1986, and according to the testimony of inspector Ratliff the disturbance looked "fresh". The evidence clearly shows that the permit, which would allow surface mining activities to take place on the second tract of land, was not issued until September 6, 1986. This fact, coupled with the statement of Sam Hamilton, provides substantial evidence that this disturbance was created prior to the issuance of the second permit. Neither the statutes, nor the regulations require the Cabinet to prove the "exact date" that a disturbance occurred. The state must simply demonstrate that the disturbance occurred before the issuance of a permit to operate a surface mine.

Finally, the circuit court held that there was no substantial evidence to demonstrate who had caused the disturbance. However, the statement made by Sam Hamilton, to both inspector Rowe and Ratliff, that he as an agent of MIC–BAR had created this disturbance constitutes substantial evidence of who caused the disturbance.

The evidence clearly demonstrated that this disturbance was made before the issuance of the second permit and that this disturbance was to facilitate a surface mine. The Cabinet's order was supported by substantial, competent evidence in the record. Therefore, the circuit court judgment setting that order aside is clearly erroneous and is reversed.

All concur.