**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,**

v.

**Larry COOK, Appellee.**

**No. 89–CA–2421–MR.**

Court of Appeals of Kentucky.

March 1, 1991.

Case Ordered Published by Court of Appeals July 5, 1991.

Mary Katherine Daugherty, Frankfort, for appellant.

Bobby Doyle Williams, Hindman, for appellee.

Before GUDGEL, HOWARD and McDONALD, JJ.

McDONALD, Judge.

This case involves a final order of the Natural Resources and Environmental Protection Cabinet (cabinet) which was reversed upon judicial review. In reversing, the circuit court held that the order was not supported by substantial evidence and that it was the result of a formal hearing

for which notice on appellee was not perfected. We disagree.

Larry Cook, the appellee herein, was issued notice of non-compliance no. 033738 and cessation order no. 03–0722 for violation of the surface mining laws on his permit no. 860–0125. The administrative case was heard before the cabinet on January 29, 1988, at a formal *de novo* hearing held pursuant to 405 KAR 7.090, § 5. The appellee did not appear at the formal hearing. The cabinet produced testimony and other evidence in support of its case. As a result of the formal hearing, the hearing officer determined that the violation had been established by default and corroborated by the evidence. The officer recommended forfeiture of the performance bond associated with the permit and a cumulative civil penalty in the amount of twenty-five thousand dollars ($25,000). Ultimately the cabinet secretary entered a final order on March 2, 1988, forfeiting the bond, assessing the recommended penalty and ordering appellee to bring the subject permit into compliance with the law. Pursuant to KRS 350.032, appellee, Cook, filed a petition for review. The petition alleged that he had no notice of the formal hearing, that he was not liable for the cited violation, that the order and penalty were excessive, arbitrary and capricious, and that he was not afforded a jury trial.

On November 2, 1989, the circuit court entered its order reversing. The reviewing court found that notice to Cook had not been perfected and that the secretary's order was not supported by substantial evidence in the record. The cabinet then appealed to this Court.

■ With regard to the issue of notice, the Kentucky Administrative Regulations provide, in pertinent part, as follows:

405 KAR 7.090. Hearings.

Section 6. Service. [N]otice of formal hearing, or other document required to be served in accordance with this section shall be served by one (1) of the following methods:

(a) The cabinet may place a copy of the document to be served in an envelope, and address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished by the initiating party. The cabinet shall affix adequate postage and place the sealed envelope in the United States mail as certified mail return receipt requested. The cabinet shall forthwith enter the fact of mailing in the record and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, that fact shall be entered in the record. The cabinet shall file the return receipt or returned envelope in the record. Service by certified mail is complete upon delivery of the envelope or as provided by subsection (2) of this section. The return receipt shall be proof of the time, place and manner of service....

. . . .

(c) Service of process may be made upon a person issued a permit by the cabinet or upon a person who has submitted an exploration notice or application pursuant to 405 KAR 8:020 by placing, in the United States mail as certified mail, return receipt requested, a copy of the document directed to the named agent for service or the permittee (at the address specified on the face of the permit, at the permanent address specified in the permit application, or at any new address that has been specified in writing by the permittee)....

(2) *Service is effective upon acceptance of the document* by any person at the permanent address, upon refusal to accept the document by any person at the permanent address, upon the United States Postal Service's inability to deliver the document if properly addressed pursuant to subsection (1)(a) or (1)(c) of this section, *or upon failure to claim the document prior to its return to the cabinet by the United States Postal Service. The return receipt shall be proof of* the acceptance, refusal, inability to deliver, *or failure to claim the document.*

(3) *Any other method of service authorized by* statute, regulation, *or the*

*civil rules for an action in a court of law shall be supplemental to and shall be accepted as an alternative to any of the methods of service specified in this section.* (Emphasis added).

A review of the record in this case reveals that appellee, Cook, was served notice of the formal hearing in accordance with the methods set forth in the regulations. Not only did the cabinet send notice to him via certified mail, return receipt requested at the address he himself provided, it also sent notice to his attorney of record. The regulation provides that service is effective upon failure to claim the document prior to its return to the cabinet by the United States Postal Service. Further the regulation provides that the return receipt shall be proof of the acceptance, refusal, inability to deliver, or failure to claim the document. The record includes copies of both the date-stamped envelope and the return receipt addressed to appellee. The envelope indicates: notice was mailed on January 6, 1988; attempted delivery by postal service on January 7, 1988; failure of addressee (appellee) to claim the document; and, return of same to the cabinet on January 22, 1988. The return receipt indicates return to the division of hearing and receipt thereof on January 25, 1988. This clearly satisfies the requirements set forth in the regulation for service of notice and its effectiveness. Additionally, the regulations allow that service in any method authorized by the civil rules for an action in a court of law shall be supplemental to and shall be accepted as an alternative to any of the methods of service specified in 405 KAR 7:090, § 6. The notice of the formal hearing held in the present case was more than is required by CR 5.02 which states as follows:

### RULE 5.02 SERVICE; HOW MADE

Whenever under these Rules service is required or permitted to be made upon a party represented by an attorney ... the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address.... Service by mail is complete upon mailing.

Civil Rule 5.03 provides:

### RULE 5.03 SERVICE; PROOF OF

Whenever any pleading or other paper is served under Rules 5.01 and 5.02, proof of the time and manner of such service shall be filed before action is to be taken thereon by the court or the parties. Proof may be by certificate of a member of the bar of the court or by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Such certificate or affidavit shall identify by name the persons so served.

In the case at hand, the record contains an order scheduling a formal hearing to be held on January 29, 1988. The order was filed on January 6, 1988, in the division of hearings and included a certification that it was mailed, certified, on January 6, 1988, to appellee, Cook, and to his attorney of record, Darrell Hall.

In his report filed February 9, 1988, the hearing officer made a specific finding of fact that the operator (Cook) was properly served with notice of the formal hearing. It is the opinion of this Court that the hearing officer was correct in finding proper and adequate notice and service in accordance with the regulations, the validity of which has not been challenged. Further justifying such a finding are the facts that appellee: admittedly had notice of the original summons and complaint; attended the preliminary hearing; was represented by counsel; and participated in pretrial discovery.

KRS 350.032(2) provides: "[N]o objection to the order may be considered by the court unless it was urged before the Cabinet or there were reasonable ground for failure to do so." It is clear that although appellee received the hearing officer's report, he failed to file exceptions thereto in accordance with KRS 224.083(1) and 405 KAR 7:090, § 5(13). There being no reason for appellee's failure to file exceptions regarding his objection as to the adequacy of the

notice and the recommended order, he waived his right to complain. Thus, it was erroneous for the circuit court to entertain Cook's complaint.

The next issue is whether the circuit court erred by finding that the secretary's order was not supported by substantial evidence appearing in the record as a whole.

 Reviewing courts may not disturb administrative findings if such are supported by substantial evidence. This Court has stated that the applicable test is "whether when taken alone in light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men." *Natural Resources and Environmental Protection Cabinet v. Mic-Bar, Inc.,* Ky.App., 765 S.W.2d 585 (1989) at 587, citing *Starks v. Kentucky Health Facilities,* Ky.App., 684 S.W.2d 5 (1985). From our review of the record, we find the cabinet's findings and resulting order to be supported by substantial evidence. The facts established in the record reveal that although appellee's permit for mining authorized use of only 1.99 acres, his mining operations affected an area in excess of 3.0 acres. This fact was established through testimony taken at the hearing, depositions of the registered professional engineer who surveyed the area, and the inspector who was responsible for inspecting the permit at the time it was mined, as well as documentary evidence including: the non-compliance, cessation order, the permit face sheet, and the survey map prepared by the engineer. Appellee's own deposition testimony establishes the fact that despite his knowledge of the violation, he performed no reclamation after April, 1985, nor had reclamation been completed to two-acre standards at the time of the hearing. It is our opinion that the cabinet's decision was reasonable and proper based upon the evidence in the record. The violation having been established, the assessed penalty was authorized by statute and in this Court's opinion there is no evidence that such was arbitrary, capricious or excessive.

Finding proper and adequate notice in accordance with the rules and regulations,

the validity of which have not been challenged, and that both the violation and resulting penalty were established and supported by substantial evidence, we reverse the circuit court and hereby reinstate the secretary's order entered on March 2, 1988.

All concur.