**NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,**

v.

**James A. COLEMAN, Appellee.**

**No. 93–CA–343–MR.**

Court of Appeals of Kentucky.

Dec. 22, 1993.

Ordered Published by
Court of Appeals
March 11, 1994.

S. Bradford Smock, Dept. of Law, Frankfort, for appellant.

John David Preston, Perry & Preston, Paintsville, for appellee.

Before LESTER, C.J., and DYCHE and WILHOIT, JJ.

## OPINION

DYCHE, Judge.

The Natural Resources and Environmental Protection Cabinet [hereinafter "the Cabinet"] appeals from a January 29, 1993, judgment of the Martin Circuit Court which reversed that portion of the Cabinet Secretary's October 19, 1990, order which held James A. Coleman, appellee herein, individually liable, pursuant to KRS 350.990(9), for payment of $4,300.00 in civil penalties assessed for violations of the surface mining laws and regulations.

On August 13, 1986, the Cabinet issued to Best Elkhorn Mining, Inc. [hereinafter "Best Elkhorn"] Permit No. 880–0040 for the purpose of surface and auger coal mining in Martin County, Kentucky. Best Elkhorn is wholly owned and controlled by appellee via his complete ownership of Gateway Coal Company. Subsequent to issuance of the permit, on April 24, 1987, the Cabinet issued a Notice of Non–Compliance No. 043198 on Permit No. 880–0040 for violations of: 405 KAR 16:070, relating to water quality; 405 KAR 16:080, failing to maintain adequate diversion; 405 KAR 16:090, failure to maintain sediment ponds; and 405 KAR 16:190, relating to backfilling and grading. Remedial action was to take place on or before May 24, 1987. On May 29, 1987, following an inspection of the subject area, a Cessation Order No. 04–0428 was issued by the Cabinet for failure to abate the violations cited in the Notice of Non–Compliance No. 043198.

The administrative case was heard before the Cabinet on January 4, 1990. Cabinet Inspector Jim Hill, who was assigned to the subject permit area, and appellee James Coleman testified before the Hearing Officer, the Honorable John William Cole. Hill testified about his inspections of the subject permit, his course of dealing with appellee, the notices which he issued and photographic evidence. Appellee, without his own counsel in attendance, testified about bad weather and problems on other permits under his control. There was a factual dispute between the two witnesses concerning whether appellee had effectively requested an extension of time for completion of the abatement work. The ultimate finding was that, although no written request for an extension was made by appellee, the Cabinet erred in refusing an oral extension for the Cessation Order under the circumstances. As a result, penalties for issuance of the Cessation Order were not recommended nor assessed. As for the issuance of the Notice of Non–Compliance, the Hearing Officer, based upon the evidence adduced at the formal hearing, recommended that Best Elkhorn and the appellee individually be held liable for the cited violations. Appellee's liability was premised upon KRS 350.990(9). Neither Best Elkhorn nor appellee took exception to the Hearing Officer's recommendations. On October 19, 1990, the Secretary entered an order adopting the Hearing Officer's report and recommendations, and assessed a civil penalty in the amount of $4,300.00 against Best Elkhorn and appellee, jointly and severally. Both appellee and Best Elkhorn then filed a Petition for Review in the Martin Circuit Court.

On review, this matter was taken under submission by the Martin Circuit Court upon the administrative record and upon briefs of the parties. By judgment entered January 29, 1993, the court upheld the Secretary's order as to Best Elkhorn upon a finding of substantial evidence, but set aside the Secretary's order as to the appellee upon a finding that there was no evidence in the record which would indicate that appellee willfully and knowingly refused to obey the order of the Cabinet, or directed an employee of the company not to obey the order, to do the reclamation work. This appeal followed.

The Cabinet raises two arguments on appeal: first, that the Martin Circuit Court lacked subject matter jurisdiction by virtue of appellee's failure to exhaust administrative remedies; and secondly, that the Secretary's

order, as it relates to appellee, is supported by substantial evidence.

The statutory authority for appellee's Petition for Review filed in Martin Circuit Court is found at KRS 350.032(2), which states in pertinent part that:

> Any person aggrieved by a final order of the cabinet may obtain a review of the order by filing ... a written petition praying that the order be modified or set aside in whole or in part.... *No objection to the order may be considered by the court unless it was urged before the cabinet or there were reasonable grounds for failure to do so.*

(Emphasis ours.)

It is appellant's contention that appellee failed to exhaust an available administrative remedy granted to him by the aforementioned statute and 405 KAR 7:090, Section 5(13) and (14)[1] by his failure to file exceptions to the Hearing Officer's report, containing findings and conclusions, and recommendations entered September 28, 1990, thereby waiving any objection to the sufficiency thereof. Appellant cites *Natural Resources and Environmental Protection Cabinet v. Cook*, Ky.App., 812 S.W.2d 507 (1991) in support of this argument. Appellee, on the other hand, contends that he substantially complied with the requirement of exhausting his administrative remedy and therefore the Martin Circuit Court had subject matter jurisdiction over the appeal. Further, appellee attempts to distinguish the facts in *Cook* from those herein.

Having reviewed the positions of the parties herein, and the applicable caselaw, we find that the appellee, in failing to file exceptions to the Hearing Officer's Report and Recommendations, waived his right to later contest, in Martin Circuit Court, the sufficiency of the evidence as it relates to his personal liability. This failure, in effect, deprived the Cabinet's Secretary of the opportunity to correct any unsubstantiated conclusion, if any, reached by the Hearing Officer. We therefore conclude it was erroneous of the Martin Circuit Court to entertain Coleman's untimely complaint that there was in-

sufficient evidence to support a finding of his personal liability under KRS 350.990(9). Consequently, as we reverse on appellant's first contention of error, we need not address the second.

The judgment of the Martin Circuit Court, as it relates to the individual liability of appellee pursuant to KRS 350.990(9), is reversed and this case remanded for further proceedings consistent with this opinion.

All concur.

---

1. Presently codified at 405 KAR 7:091, Section 3(5)(a).