Hugh David **SWATZELL**, Appellant,

v.

**COMMONWEALTH of Kentucky, Natural Resources and Environmental Protection Cabinet, Appellee.**

No. 96–SC–1004–DG.

Supreme Court of Kentucky.

Feb. 19, 1998.

As Corrected March 19, 1998.

Donald Duff, Frankfort, for Appellant.

Thomas D. Wingate, Frankfort, for Appellee.

JOHNSTONE, Justice.

The Appellant, Hugh David Swatzell ("Swatzell"), obtained a surface coal mining permit on April 22, 1987, for a surface coal mine located in Hopkins County, Kentucky, and was named the designated permittee. The Natural Resources and Environmental Protection Cabinet ("Cabinet") initiated administrative enforcement actions to obtain forfeiture of the performance bonds on the permit due to a series of alleged noncompliances and violations of the surface coal mining laws and regulations.

The bond forfeiture proceedings culminated in a formal administrative hearing conducted on July 22, 1993. The hearing officer issued his Report and Recommendation on September 13, 1993, and recommended that the Secretary of the Cabinet enter a final order forfeiting the reclamation performance bonds to the Cabinet. In response to the hearing officer's recommendation, the Cabinet filed timely exceptions to a minor point in the report. Swatzell filed no exceptions, nor did he file a response to the Cabinet's exceptions.

On December 7, 1994, the Secretary of the Cabinet entered a final administrative order adopting the hearing officer's Report and Recommendation, as modified by the Cabinet's exceptions. Swatzell filed a timely Petition for Review in the Franklin Circuit Court pursuant to KRS 350.032 challenging the Secretary's order. On January 26, 1995, the Cabinet filed a motion to dismiss Swatzell's petition on grounds that the circuit court lacked jurisdiction due to Swatzell's failure to exhaust his administrative remedies, i.e., the failure to file exceptions. The trial court granted the motion to dismiss and the Kentucky Court of Appeals affirmed the Franklin Circuit Court's order of dismissal. We granted discretionary review.

■ The primary issue presented for our review may be framed as follows: Whether the failure to file exceptions to an administrative officer's report and recommendation after a hearing constitutes a failure to exhaust administrative remedies, thereby precluding court review of the final administrative order.

Swatzell argues that the filing of exceptions in an administrative proceeding is not a mandatory procedural process. He cites KRS 350.0301(2), which provides in pertinent part:

The hearing officer shall serve a copy of his report and recommended order upon

all parties of record and their attorney of record to the proceeding, and they shall be granted *the right to file exceptions* thereto within fourteen (14) days of service. Any party may submit a written response to exceptions within twenty-one (21) days of service of the report and recommended order.

(Emphasis added).

Similarly, Swatzell alludes to the applicable administrative regulation, 405 KAR 7:091, Section 3(5)(a), which provides:

The hearing officer shall, within thirty (30) days of the close of the administrative hearing record, make a report and recommended order to the secretary.... The parties *may file exceptions* and responses to the exceptions....

(Emphasis added).

These provisions use wording, he urges, that is permissive and do not make mandatory the filing of exceptions as a predicate to the seeking of judicial review. Swatzell claims that the administrative remedy provided by statute was exercised and exhausted by the presentation of his case in a formal hearing before a hearing officer in which all issues and objections were set forth. He concedes that any issue not raised before the hearing officer, or not presented to the Cabinet by exceptions, would not be subject to court review as the Cabinet would have been deprived of the opportunity to rule on the issue. However, Swatzell contends that by fully raising his issues before the hearing officer, he was not required to repeat them in exceptions to the Cabinet.

The Cabinet counters that Swatzell clearly failed to exhaust his administrative remedies. If he was not satisfied with the hearing officer's Report and Recommendation after its receipt, he should have complied with the provisions of KRS 350.0301(2), set out above, by filing exceptions thereto. This administrative procedure, says the Cabinet, allows the Secretary to consider any alleged errors before a possible court review as provided in KRS 350.032(2), which states in pertinent part:

Any person aggrieved by a final order of the cabinet resulting from a hearing on the

issuance of a notice of noncompliance, the issuance of an order for cessation and immediate compliance, the assessment of civil penalties, or a bond forfeiture may obtain a review of the order by filing in the Franklin Circuit Court or the Circuit Court of the county within which the mine is located, within thirty (30) days after the entry of the order, a written petition praying that the order be modified or set aside in whole or in part.... *No objection to the order may be considered by the court unless it was urged before the cabinet or there were reasonable grounds for failure to do so.*

(Emphasis added).

The Cabinet argues that Swatzell neglected to urge his objections before the Cabinet due to his failure to file exceptions; thus, he is precluded from exercising the review provided in KRS 350.032(2) by his failure to exhaust an available administrative remedy.

■ It is an elementary rule that trial courts should first be given the opportunity to rule on questions before those issues are subject to appellate review. *Akers v. Floyd County Fiscal Court,* Ky., 556 S.W.2d 146 (1977); *Pittsburg and Midway Coal Mining Company v. Rushing,* Ky., 456 S.W.2d 816 (1969); *Kaplon v. Chase,* Ky.App., 690 S.W.2d 761 (1985); *Carr v. Cincinnati Bell, Inc.,* Ky.App., 651 S.W.2d 126 (1983).

■ This principle has been extended to administrative proceedings and requires a party to raise issues before that particular entity (the Cabinet in the case *sub judice* ) before those issues are available for appellate review. If a party fails to exhaust all available administrative remedies, a reviewing court is without jurisdiction to consider the contested matters as the administrative agency did not have the opportunity to first review them.

As the Court succinctly stated almost fifty years ago in *Goodwin v. City of Louisville,* Ky., 309 Ky. 11, 215 S.W.2d 557 (1948):

Orderly procedure in cases of public administrative law favors a preliminary sifting process, particularly with respect to matters within the competence of the administrative authority set up by a statute,

as where the question demands the exercise of sound administrative discretion. 42 Am.Jur., Public Administrative Law, sec. 198. And where an administrative remedy is provided by the statute, relief must be sought from the administrative body and this remedy exhausted before the courts will take hold. The procedure usually is quite simple. Ordinarily the exhaustion of that remedy is a jurisdictional prerequisite to resort to the courts. *Martin v. Board of Council of City of Danville*, 275 Ky. 142, 120 S.W.2d 761.

*Id.* 215 S.W.2d at 559.

The Cabinet argues that Swatzell was required to file exceptions to the hearing officer's Report and Recommendation in this case to exhaust his remedies. Despite the persuasive argument to the contrary, we agree.

The administrative procedure is simple. The hearing officers makes a report and recommended order to the Secretary. Thereafter, 405 KAR 7:091, Section 3(6)(a) provides that:

The secretary shall consider the report and recommended order, any exceptions filed, and any responses to exceptions, and pass upon the case within a reasonable time. The secretary may *remand* the matter to the hearing officer, *adopt the report* and recommended order of the hearing officer as a final order, *or issue his own final order.*

(Emphasis added).

■ Further, KRS 350.0301(2) provides, in pertinent part, that "[t]he Secretary shall consider the report, exceptions, and recommended order and decide the case." Despite the seemingly permissive language relating to the filing of exceptions, holding that the filing of exceptions is mandatory is logical and consistent with the basic premise that questions should first be presented to the ultimate fact finder (in this case the Secretary) *for consideration before seeking judicial review.* Such practice affords the Secretary the opportunity to address and correct any alleged errors, as well as serving the purpose of judicial expedience by avoiding unnecessary appeals. This obligation is not satisfied

by merely raising one's issues before the hearing officer.

Moreover, we find this reasoning is consistent with the holdings of *Natural Resources and Environmental Protection Cabinet v. Coleman*, Ky.App., 876 S.W.2d 614 (1993) and *Natural Resources and Environmental Protection Cabinet v. Cook*, Ky.App., 812 S.W.2d 507 (1991).

In *Cook*, another surface coal mining case, the Kentucky Court of Appeals, held that the failure to file exceptions deprives the trial court of jurisdiction to review the record stating:

KRS 350.032(2) provides: "[N]o objection to the order may be considered by the court unless it was urged before the Cabinet or there were reasonable ground[s] for failure to do so." It is clear that although appellee received the hearing officer's report, he failed to file exceptions thereto in accordance with KRS 224.083(1) and 405 KAR 7:090, Sec. 5(13). There being *no reason for appellee's failure to file exceptions* regarding his objection as to the adequacy of the notice and the recommended order, he waived his right to complain. Thus, *it was erroneous for the circuit court to entertain Cook's complaint.*

*Id.* 812 S.W.2d at 509–10 (emphasis added).

In *Coleman*, a surface mining case in which evidence was taken at an administrative hearing before a hearing officer, as in the case at bar, the Kentucky Court of Appeals reversed the trial court and held as follows:

Having reviewed the positions of the parties herein, and the applicable caselaw, we find that the appellee, *in failing to file exceptions to the Hearing Officer's Report and Recommendations, waived his right to later contest,* in Martin Circuit Court, the sufficiency of the evidence as it relates to his personal liability. This failure, in effect, deprived the Cabinet's Secretary of the opportunity to correct any unsubstantiated conclusion, if any, reached by the Hearing Officer.

*Id.* at 616 (emphasis added).

We find Swatzell's attempts to distinguish these cases no more compelling than his reli-

ance upon *Curtis v. Belden Electronic Wire and Cable,* Ky.App., 760 S.W.2d 97 (1988), an age discrimination case governed by KRS Chapter 344 involving a failure to file an application for reconsideration.

Moreover, we find our holding herein is consistent with the rationale expressed in our recent case of *Eiland v. Ferrell,* Ky., 937 S.W.2d 713 (1997), in which we held that the failure to file objections to the report of a domestic relations commissioner precluded a party from questioning on appeal the action of the circuit court in confirming the commissioner's report. As Justice Lambert stated:

> If we should merely apply the provisions of CR 52.03, as appellant urges, and authorize review of questions of sufficiency of evidence without requiring objections to the commissioner's report, appeals would be taken from trial court judgments adopting commissioner's reports without the trial court ever having been apprised of any disagreement with the report. Not only would this amount to the blind-siding of trial courts, it would also result in unnecessary appeals, confusion in appellate courts, needless reversals, and in general, would invite all the mischief associated with appellate review of unpreserved error.

*Id.* at 716.

Finally, although we are aware of the rule that, under limited exceptions, judicial relief may be available without exhaustion of administrative remedies, we agree with the Court of Appeals that the record of this action does not support such a contention. Consequently, we hold that the Appellant's failure to file exceptions to the report of the hearing officer constitutes a failure to exhaust his administrative remedies, thereby precluding review by the circuit court.

The opinion of the Court of Appeals is affirmed.

STEPHENS, C.J., COOPER, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion.

GRAVES, Justice, dissenting.

Respectfully, I dissent. KRS 350.0301(2), which relates to administrative hearings before the Cabinet, addresses post-hearing proceedings by providing that, after the Hearing Officer serves his report and recommendation, all parties, "shall be granted the right to file exceptions thereto within fourteen (14) days of service." In similar fashion, 405 KAR 7:091 Section 3(5)(a) of the Cabinet's hearings regulations, states, "The parties may file exceptions and responses to the exceptions...."

Under the foregoing statute and regulation, either party has the "right" to file exceptions or "may" file exceptions. According to KRS 446.010(20) such wording is permissive and does not make it mandatory that exceptions be filed as a predicate to the seeking of judicial review of the Cabinet Secretary's final administrative order. Clearly, the word "may" is defined by statute to be permissive and not mandatory. When words are specifically defined by statute, courts must use the definition prescribed by statute. *Baker v. Com.,* Ky., 677 S.W.2d 876 (1984). The foregoing statute and regulation do not establish the filing of exceptions as an administrative remedy which must be exhausted.