NICKELL, JUDGE:
The Trimble County Board of Education (Board) and Steve Miracle, in his official capacity as Superintendent, appeal from the Franklin Circuit Court's dismissal of a petition for a writ of prohibition to foreclose entry of a final order in an administrative action initiated by Tammy Duncan. A high school math teacher, Duncan requested a tribunal hearing after receiving notice her continuing contract was being nonrenewed. Claiming the contract signed by Miracle and Duncan is invalid, Miracle and the Board allege the hearing officer lacked subject matter jurisdiction to convene the hearing and a writ should issue to prohibit entry of the hearing officer's final order reinstating Duncan as a Trimble County teacher. Having reviewed the record, the briefs and the law, and discerning no abuse of discretion, we affirm dismissal of the petition for a writ.
Citing KRS[1] 161.790(4), Duncan-who along with Miracle signed a "Continuing Contract of Employment" on August 19, *361 2016-requested a hearing upon receiving a letter of nonrenewal of her teaching contract for the 2017-18 school year. In response, the Trimble County School District (District) moved to dismiss the request for a hearing arguing lack of subject matter jurisdiction. The District's motion to dismiss was fully briefed and orally argued to a hearing officer assigned by Attorney General Andy Beshear. The Board and Miracle argued Duncan could not request a tribunal pursuant to KRS 161.790(4) because she did not statutorily qualify for tenure[2] in 2016-a claim that did not surface until May 2017. In his report, the hearing officer treated Duncan's fully executed contract "as being presumptively valid and intended by the parties to be a continuing contract." He found the Board did not terminate Duncan's contract as mandated by KRS 161.790(3), and arguably "elected to breach" the contract by notifying Duncan it would be nonrenewed. In two orders accompanying the report, the hearing officer denied the District's motion to dismiss; directed the District to file a more definite statement of charges against Duncan after which a prehearing conference would be convened; or, state no grounds existed for termination after which the hearing officer would enter a final order reinstating Duncan as a Trimble County teacher. The District filed no statement of charges, no statement of nonexistent charges, and no exceptions. Duncan moved for entry of a final order.
Thereafter, Miracle and the Board petitioned the Franklin Circuit Court for entry of a writ of prohibition seeking to prevent the hearing officer from entering the final order. Beshear was named as a party because he appointed the hearing officer who presided over the hearing. As Commissioner of Education, Stephen L. Pruitt, requested appointment of the hearing officer in response to Duncan's timely notification she would "answer the charge" as allowed by KRS 161.790(3).
Beshear moved for dismissal of the petition arguing Miracle and the Board had not challenged the hearing officer's authority to hear the matter, but had challenged only Duncan's right to invoke the statute and request a hearing. Miracle and the Board argued the hearing officer had erred by not discussing jurisdiction in his report. In dismissing the petition, the circuit court found lack of subject matter jurisdiction had not been proved; Duncan's allegation of a continuing contract entitled her to administrative review; an attack on the validity of the underlying teaching contract did not defeat Duncan's right to administrative review under KRS 13B.140 ; any final order entered by the hearing officer would be subject to judicial review; and, sufficient grounds for issuance of a writ had not been demonstrated. This appeal followed.
Every Kentucky teacher works pursuant to a written contract-"either limited or continuing...." KRS 161.730. A "continuing service contract" remains "in full force and effect until the teacher resigns or retires, or until it is terminated or suspended as provided in KRS 161.790 and 161.800." KRS 161.720(4). A "limited contract" employs "a teacher for a term of one (1) year only or for that portion of the school year that remains at the time of employment." KRS 161.720(3). A "limited contract" is subject to nonrenewal so long as the superintendent
present[s] written notice to the teacher that the contract will not be renewed no *362 later than May 15 of the school year during which the contract is in effect. Upon receipt of a request by the teacher, the superintendent shall provide a written statement containing the specific, detailed, and complete statement of grounds upon which the nonrenewal of contract is based.
KRS 161.750(2).
A school board neither has to rehire a teacher on a limited contract nor provide him with a hearing if he is not rehired. KRS 161.750 gives the non-tenured teacher only the right to (1) notice of nonrenewal before [May 15], and (2) a written statement "containing the specific, detailed and complete" grounds for nonrenewal, if requested.
Gibson v. Board of Educ. of Jackson County , 805 S.W.2d 673, 675 (Ky. App. 1991).
Underlying this appeal is a dispute about the type of contract pursuant to which Duncan taught geometry during the 2016-17 school year. Because she had taught math at Trimble County High School four consecutive years (2012-2016), and she and Miracle both executed a "Continuing Contract of Employment" on August 19, 2016-enabling her to teach geometry at the same school during the 2016-17 school year-Duncan argues she has a continuing service contract with the Board which may be terminated for cause, but cannot be nonrenewed.
Miracle and the Board disagree. They argue Miracle timely notified Duncan in May 2016 her contract for the 2016-17 school year was being nonrenewed and said notice caused Duncan's contract with the Board to naturally expire on June 30, 2016. KRS 158.050. As a result of the contract's expiration, Miracle and the Board maintain the continuing contract on which Duncan relies was erroneously signed on August 19, 2016, because at the time of execution, Duncan was not "a currently employed teacher [being] reemployed by the superintendent after teaching four (4) consecutive years in the same district...." KRS 161.740(1)(b) (emphasis added). In their view, Duncan had at most a limited contract subject to nonrenewal after one year.
While the facts of the contract dispute provide context, they do not resolve the limited question before this panel: whether the Franklin Circuit Court properly exercised its discretion in granting Beshear's CR[3] 12.02 motion to dismiss the petition for a writ of prohibition.
A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved...." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.
Fox v. Grayson , 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted). Issuing or denying a *363 writ is "always discretionary, even when the trial court was acting outside its jurisdiction." Cox v. Braden , 266 S.W.3d 792, 797 (Ky. 2008) (quoting Hoskins v. Maricle , 150 S.W.3d 1, 9 (Ky. 2004) ). Thus, we review the trial court's dismissal of the petition for abuse of discretion, the test being, "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).
Writs are disfavored and reserved for "truly extraordinary cases." Cox, 266 S.W.3d at 797. The standard for issuing an extraordinary writ was expressed in Hoskins , 150 S.W.3d at 10.
A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.
Miracle and the Board argue the hearing officer lacked subject matter jurisdiction, but they have not demonstrated a lack of jurisdiction. The most they have argued is jurisdiction was not addressed in the prehearing conference report. Additionally, they have not shown judicial review of the hearing officer's final order would be an inadequate remedy.
Because Duncan had a fully executed "Continuing Contract of Employment"-as opposed to a limited contract-she was entitled to a tribunal hearing. Furthermore, upon giving timely notice "of [her] intention to answer the charge," Commissioner Pruitt was statutorily required to set the process for a tribunal hearing in motion.
KRS 161.790 establishes the process for the adjudication of public school teacher disciplinary matters. KRS 161.790(4) - (9) provides for the selection of an ad hoc hearing Tribunal to conduct an administrative evidentiary hearing. The Tribunal makes findings of fact, determines whether grounds for termination have been proven, and renders a final order accordingly. The decision of the Tribunal is a final order, subject to judicial review by the circuit court "in accordance with KRS Chapter 13B."
Board of Educ. of Fayette County v. Hurley-Richards , 396 S.W.3d 879, 882 (Ky. 2013) (footnotes omitted). Had Duncan allowed ten days to expire without notifying Commissioner Pruitt and Miracle of her "intention to answer the charge" under KRS 161.790(3), the Board's decision would have become final and Duncan would have had no recourse to salvage her teaching position. "[A] teacher's election to not answer a charge and thereby forego the institution of administrative proceedings does not entitle the teacher to instead challenge his disciplinary claims in circuit court." Jefferson County Board of Educ. v. Edwards , 434 S.W.3d 472, 476 (Ky. 2014).
Miracle and the Board may disagree with Duncan, but the fully executed agreement Duncan and Miracle signed on August 19, 2016, appears to be a continuing contract, making Duncan subject to mandatory strict compliance with KRS 161.790. Id. (citing Commonwealth v. DLX, Inc. , 42 S.W.3d 624, 625 (Ky. 2001) ). Moreover, those indicia are not limited to the heading of the document as suggested in the petition. The entire contract is replete with references to "continuing employment," "services ... from year to year," "the continuing contract of employment," and references to KRS 161.720, KRS 161.730, *364 KRS 161.790, and KRS 161.810, all of which have some application to continuing contracts. Furthermore, Miracle's affidavit, signed on June 7, 2017, admits, "[a]t the time Mrs. Duncan accepted the offer of employment [in August 2016], she was sent a contract to sign which was labeled "Continuing Contract of Employment." If the continuing contract was signed in error, steps could-and should-have been taken to correct the mistake long before notice of nonrenewal was sent on May 2, 2017. Based on the record we have, Miracle and the Board sat on their hands and did nothing.
Moreover, their desire to attack the validity of the signed contract is separate and apart from operation of KRS 161.790 which dictates how a teacher must pursue a grievance.
[W]here an administrative remedy is provided by the statute, relief must be sought from the administrative body and this remedy exhausted before the courts will take hold. The procedure usually is quite simple. Ordinarily the exhaustion of that remedy is a jurisdictional prerequisite to resort to the courts.
Goodwin v. City of Louisville , 309 Ky. 11, 14, 215 S.W.2d 557, 559 (1948) (citing Martin v. Board of Council of City of Danville , 275 Ky. 142, 120 S.W.2d 761, 762 (1938) ). Miracle and the Board simply cannot defeat Duncan's statutorily mandated right to a hearing and frustrate her attempt to exhaust all administrative remedies by challenging her right to a tribunal hearing.
If Miracle and the Board disagree with the final order, they may pursue judicial review under KRS 13B.140. If the tribunal exceeds its authority, Miracle and the Board may move the trial court, pursuant to KRS 13B.150(2)(b), to set aside the final order. Because they have adequate remedies by appeal, and have not established a lack of subject matter jurisdiction, dismissal of the petition was proper and not an abuse of discretion.
For the foregoing reasons, dismissal of the petition for a writ of prohibition is affirmed.
ALL CONCUR.

Kentucky Revised Statutes.

The word "tenure," while undefined in KRS Chapters 160 and 161, is shorthand for a continuing teaching contract.

Kentucky Rules of Civil Procedure.