100 So.2d 417 (1958)
ACE DELIVERY SERVICE, INC., E. Jan Jacobi and Irving Oberstein d/b/a Allie Parcel Service, Delivery Service, Inc., Richard L. Stockton and Eleanor C. Stockton d/b/a Red Arrow Delivery Service, Red Top Cab and Baggage Company and Solomon Brodsky and Leo Frager d/b/a Sands Delivery Service, Petitioners,
v.
Alan S. BOYD, Jerry W. Carter and Wilbur C. King, as and constituting the Florida Railroad and Public Utilities Commission, Respondents.
Supreme Court of Florida.
February 5, 1958.
*418 Frank Carter, Miami, for petitioners.
Lewis W. Petteway, Tallahassee, for Florida Railroad and Public Utilities Commission.
Clifford T. Inglis, Jacksonville, for Central Truck Lines, Overseas Transportation Company, Tamiami Trial Tours, Great Southern Trucking Company, South Florida Freightways, Inc., and the Greyhound Corporation.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for United Parcel Service, Inc., respondents.
THORNAL, Justice.
The petitioners have filed a petition for writ of certiorari seeking review of an order of the Florida Railroad and Public Utilities Commission granting a private contract certificate of public convenience and necessity to a Florida corporation named United Parcel Service, Inc.
We are called upon to determine whether the petition for writ of certiorari should be dismissed on motion of United Parcel Service, Inc., because of the failure of the petitioners to file exceptions to the report of the Commission's Special Examiner and their failure to move for a rehearing before the Commission after the entry of the Commission's final order.
At this point it is unnecessary to delineate the factual background of the problem. United Parcel Service, Inc., a Florida corporation, petitioned the respondent Florida Railroad and Public Utilities Commission for the issuance of a private contract certificate of public convenience and necessity. The matter of hearing the testimony and recommending findings was referred by the Commission to Honorable Lewis W. Petteway as Examiner. The Examiner heard and reported the testimony and filed a proposed order recommending that the certificate be granted to United Parcel Service, Inc. The petitioners here did not file exceptions to the report of the Examiner. Subsequently the Commission entered a final order granting the private contract certificate. The petitioners here did not move for a rehearing before the respondent Commission.
Upon the filing of the petition for writ of certiorari in this Court the successful applicant, United Parcel Service, Inc., joined by the respondent Commission at the oral argument, moved the Court to dismiss the petition which seeks review of the final order of the Commission.
It is contended by the movants that the failure to file exceptions to the Examiner's report and the failure to seek a rehearing of the final order of the Commission constituted a failure to exhaust administrative remedies and, therefore, precludes review of alleged errors in the final order of the respondent Commission.
The petitioners here contend that the filing of exceptions to the report of the Examiner and the filing of a request for rehearing before the Commission are not essential steps in the process of obtaining judicial review of the order of the Railroad Commission.
The movants rely upon Railroad Commission Rule XI-B which provides in substance that following all adversary hearings, the Examiner shall submit a proposed order to the Executive Secretary of the Commission. The latter is required to serve a copy of the proposed order on the parties or their attorneys. The parties then have fifteen days within which to file exceptions to the proposed order. The Rule then provides:

*419 "If no exceptions are filed within said period, the proposed order and supporting memoranda, if any, will be considered and disposed of by appropriate action of the Commission. If exceptions are filed within said period, such exceptions and memoranda, if any, supporting such proposed order shall stand for consideration with or without oral argument as the Commission may determine and shall be disposed of by order confined to the questions raised by the exceptions or by the Commission's final order."
It will be noted that the quoted Rule provides that the matter shall be disposed of by order confined to the questions raised by the exceptions or "by the Commission's final order." As we read the provisions of the Rule the Commission is not limited to a consideration of the exceptions when it comes to the point of entering its final order. This interpretation of the Rule is consistent with the rule which we have announced as a guide for courts of chancery in considering reports of special masters. We have held that in such cases even in the absence of exceptions, the responsibility of the Judge is to examine the evidence and determine whether under the law and facts the Court is justified in entering the decree recommended by the master. Lyon v. Lyon, Fla. 1951, 54 So.2d 679; McMullen v. McMullen, Fla. 1953, 68 So.2d 179.
We have been referred to nothing in the Rules of the respondent Commission or the statutes applicable to procedures before the Commission which limits the Commission to a consideration of exceptions only at final hearing after a matter has been referred to an Examiner. It appears generally that in the absence of a proper rule or applicable statute on the subject it is not necessary that a party file formal exceptions to the report or proposed order of an Examiner in order to comply with the requirement that he exhaust his administrative remedies before seeking judicial review. See Vom Baur on Federal Administrative Law, Section 174 and Section 239. Also, Davis on Administrative Law, p. 320, Section 95 et seq.
Similarly it appears to be the general rule that in the absence of a statute or regulation specifically requiring the filing of a petition for rehearing as a condition to judicial review, the rule making it necessary to exhaust administrative remedies does not necessitate a petition for rehearing after the final order of the administrative agency. See Vom Baur on Federal Administrative Law, Section 245; Davis on Administrative Law, Section 192, p. 636.
We have examined Rule XV, promulgated by the respondent Commission on the subject of rehearing. We find nothing in this rule which requires the filing of a petition for rehearing. Similarly we have examined Section 350.641, Florida Statutes, F.S.A., governing review of orders of the respondent Commission. We find nothing in the cited statute which necessitates the filing of a petition for rehearing before the Commission as a condition precedent to review by this Court.
It should be pointed out that we are here dealing with the matter of the petitioners' right to seek review. We hold that neither the filing of exceptions to the report of the Examiner nor the filing of a petition for rehearing after final order of the Commission are conditions precedent to obtaining review. We are not called upon to consider, and we do not herewith consider, the scope of review when we are presented with a record revealing a situation such as the one outlined in this opinion. That will come later when we consider the petition for certiorari on its merits.
We might add also that it is our view that it would facilitate disposition of causes and promote the expeditious handling of matters before the respondent Commission if aggrieved parties would follow the practice of filing exceptions to the reports of *420 Examiners and also bring to the attention of the Commission by proper petition for rehearing any matters which might have been overlooked at the final hearing. However, we do not consider that these are essential prerequisites to the assertion of the right to obtain judicial review of the final order of the Commission.
Ordinarily motions to dismiss, similar to the one here under consideration, are disposed of without opinion. However, in this instance in view of the procedural importance of the matter to the respondent Commission as well as to parties having business before it we have undertaken to delineate our views on the questions raised by the motion under consideration.
The motion to dismiss the petition for writ of certiorari is 
Denied.
TERRELL, C.J., and THOMAS, DREW and O'CONNELL, JJ., concur.