**Franklin WHITNEY, Plaintiff–Appellant,**

v.

**Sylvia ANDERSON and Martin Flug, Defendants–Appellees.**

**No. 87CA1898.**

Colorado Court of Appeals, Div. IV.

July 27, 1989.

Rehearing Denied Aug. 31, 1989.

Certiorari Denied Dec. 18, 1989.

Hutchinson, Black, Hill & Cook, Baine P. Kerr and James England, Boulder, for plaintiff-appellant.

Long & Jaudon, P.C., Dennis W. Brown, Denver, for defendants-appellees.

Opinion by Judge SMITH.

The plaintiff, Franklin Whitney, appeals from a judgment entered on a jury verdict which determined he had sustained $187,500 in damages as the result of an accident principally caused by the negligence of defendant Martin Flug and his employee, defendant Sylvia Anderson. He also appeals the trial court's post-trial order which awarded him costs of $569.62 and which directed him to pay $7,139.77 in defendants' costs. We affirm.

In October 1985, the plaintiff sustained serious head injuries when his bicycle collided with defendant Flug's motor vehicle while it was being driven by defendant Anderson. The collision occurred as plaintiff rode his bicycle eastbound and defendant Anderson, who was traveling westbound, entered into an intersection and completed a left turn.

Trial was scheduled for August 18, 1987, and on August 6, the defendant served upon plaintiff an offer of judgment in the amount of $200,000. While the offer of judgment was outstanding, the trial court advanced the date of trial to August 14, 1987.

At trial, conflicting evidence was presented regarding the distance of plaintiff's bicycle from the intersection when defendant Anderson began her left turn, the manner in which defendant Anderson executed her turn, the speed at which both parties had been traveling, and what, if any, evasive actions were taken by the plaintiff immediately prior to the collision.

At the close of the evidence, both parties moved for and were denied a directed verdict on the issue of negligence. Thereafter, the jury returned a verdict determining plaintiff's damages to be $187,500. This award was reduced to $150,000 based upon the jury's finding that the plaintiff was 20 percent negligent and the defendant 80 percent negligent.

In post-trial motions for costs, the court, applying C.R.C.P. 68, awarded plaintiff pre-offer costs of $569.62 and post-offer costs to defendants of $7,139.77.

## I.

The plaintiff contends that the trial court erred in ordering, pursuant to C.R.C.P. 68, a reduction of his recovered costs and in obligating him to pay the defendants' costs. We disagree.

## A.

■ First, the plaintiff argues that the defendants' offer of judgment was untimely under C.R.C.P. 68, thus precluding the trial court from applying the cost-shifting provisions of the rule. In support of his argument, the plaintiff relies on the fact that the offer of judgment was served less than ten days prior to the commencement of trial.

C.R.C.P. 68 expressly requires the defendant to serve an offer of judgment on the plaintiff at least ten days before trial begins. Once extended, the plaintiff has ten days to accept the offer, and if it is not accepted in that time, it shall be deemed withdrawn.

Here, the plaintiff correctly states that because trial commenced August 14, 1987, the offer of judgment was served less than ten days before trial began. However, the plaintiffs' conclusion that this precludes application of C.R.C.P. 68 ignores the following facts: (1) when the defendants served their offer on August 6, trial was scheduled to begin August 18, thus making the offer timely under C.R.C.P. 68; (2) the court, *sua sponte*, advanced the trial date by two business days; (3) neither party objected to the court's rescheduling; and

(4) although plaintiffs rejected the offer the day after it was made, nevertheless, the defendants' offer remained open until the trial commenced.

We conclude that the unique circumstances surrounding the defendants' offer of judgment must be taken into account in evaluating the issue of timeliness. Accordingly, inasmuch as the defendants made a good faith offer in compliance with the provisions of C.R.C.P. 68, we hold that the offer of judgment was timely, notwithstanding the fact that trial commenced less than ten days after judgment was served.

## B.

Second, the plaintiff argues that even if the defendants' offer of judgment was timely, C.R.C.P. 68 does not obligate the plaintiff to pay the defendants' post-offer costs.

Plaintiff's argument addresses the meaning and application of the following provisions of C.R.C.P. 68:

"If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

No Colorado case directly addresses whether this provision merely modifies the provisions of C.R.C.P. 54(d), which generally allows the prevailing party to recover his own costs, or whether it operates, not only to deny the prevailing party any right to recover his post-offer costs, but also requires him to pay the losing party's post-offer costs.

In *Coldwell Banker Commercial Group, Inc. v. Hegge*, 770 P.2d 1297 (Colo. App.1988), this court recently considered the application of the cost-shifting provisions of C.R.C.P. 68 when the defendants sought an award of costs after the suit against them was dismissed. That case, however, turned on the fact that when a suit is dismissed, the plaintiff fails to obtain a favorable judgment and the defendant fails to have a judgment taken against him.

In holding that the defendant was not entitled to costs, the court reasoned that, in

such a situation, the defendant, not the plaintiff, is the prevailing party. Thus, there was no reason to extend the provisions of C.R.C.P. 68 to prevailing defendants because they could recover their costs under C.R.C.P. 54(d).

Nonetheless, the court did state:

"We interpret C.R.C.P. 68 to require the award of costs to defendants only if [the plaintiff] had prevailed and received a judgment in an amount] less [than the offer]."

Although not dispositive, the court's interpretation of C.R.C.P. 68 is supported by a majority of the federal courts which have directly addressed this issue under its federal counterpart, Fed.R.Civ.P. 68.

In *Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir.1986), as here, the plaintiffs relied on a footnote in the U.S. Supreme Court decision *Delta Airlines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981) and *Chesny v. Marek*, 547 F.Supp. 542 (N.D.Ill.1982) to support their position that Fed.R.Civ.P. 68 merely eliminates plaintiff's right to recover costs, but does not require him to pay the offeror's costs. The court in *Crossman, supra,* however, rejected the plaintiffs' argument, relying on the purpose, history, and language of the federal rule.

■ We find the *Crossman* analysis also applicable to C.R.C.P. 68, and accordingly, we hold that C.R.C.P. 68 modifies the provisions of C.R.C.P. 54(d) so that the prevailing plaintiff not only fails to recover his post-offer costs but also must pay the costs incurred by the defendant after the making of the offer. Accordingly, the trial court did not err in ordering the plaintiff to pay the defendants' post-offer costs.

## II.

The plaintiff also contends that the trial court erred in denying his motion for a directed verdict on the issue of his comparative negligence. We disagree.

The plaintiff argues that because only speculative and hypothetical evidence presented by an accident reconstructionist was introduced to establish his negligence, the defendant failed to rebut the presumption that he was bicycling with due care at the time of the collision.

■ A motion for a directed verdict should not be granted unless the evidence, when viewed in a light most favorable to the opposing party, compels the conclusion that reasonable persons would necessarily reach a verdict in favor of the moving party. *McGlasson v. Barger*, 163 Colo. 438, 431 P.2d 778 (1967). Moreover, opinion evidence based on hypothetical questions is admissible and, thus, is evidence which the court may properly consider in making its determination on a motion for directed verdict. *Riss & Co. v. Galloway*, 108 Colo. 93, 114 P.2d 550 (1941).

■ Here, an accident reconstructionist, who had been qualified as an expert witness, opined that had the plaintiff seen the defendant's vehicle, he could have stopped before the accident. A review of the record discloses that this opinion was grounded in facts disclosed by the parties in depositions, the expert witness' own examination of the scene of the accident, and the vehicle involved. Consequently, the opinion was admissible and proper evidence for the court to consider in ruling on the plaintiff's motion for a directed verdict.

Furthermore, it is unclear that, as the plaintiff asserts, the testimony of the accident reconstructionist was the sole basis for the trial court's denial of the plaintiff's motion. Defendant Anderson and several witnesses also testified regarding the events surrounding the accident. From all this evidence, a reasonable jury could have inferred that the plaintiff failed to exercise due care. Thus, we hold that the trial court properly denied the plaintiff's motion for a directed verdict.

Based on the foregoing, we decline to address the other arguments raised by the plaintiff regarding this issue.

The judgment is affirmed.

REED and DUBOFSKY, JJ., concur.