**Harold CLARK, Plaintiff–Appellant,**

v.

**CITY OF GUNNISON and Robert Summers, Defendants–Appellees.**

**No. 90CA1897.**

Colorado Court of Appeals, Div. II.

Dec. 5, 1991.

Rehearing Denied Jan. 16, 1992.

J. Michael Dowling, Denver, for plaintiff-appellant.

Greengard, Senter, Goldfarb & Rice, Thomas S. Rice, Peter H. Doherty, Denver, for defendants-appellees.

Opinion by Judge ROTHENBERG.

The sole issue in this appeal is whether defendants' offer of judgment was untimely under C.R.C.P. 68, thereby preventing application of the cost-shifting provisions of the rule. We conclude that it was untimely and, thus, we reverse the trial court order and remand with directions.

On May 24, 1990, defendants, City of Gunnison and Robert Summers, mailed an offer of judgment in the amount of $30,000 to plaintiff, Harold Clark. Plaintiff received the offer on May 29, 1990. Trial began on June 4, 1990.

Following trial, the jury returned a verdict in the amount of $7,500. Thereafter, the trial court determined that the offer of judgment was timely served because it was mailed more than ten days before trial. Applying the cost-shifting provisions of C.R.C.P. 68, the court ordered plaintiff to pay all costs incurred after May 24, 1990.

On appeal, plaintiff contends that the defendants' offer of judgment was untimely because, although mailed more than ten days before trial, it was *received* only six days before trial. According to plaintiff, he was entitled to ten days before the trial began in which to consider the offer. We disagree that the offer of judgment must be actually received more than ten days before trial begins.

However, we agree with plaintiff's alternative contention that when an offer of judgment is served by mail, C.R.C.P. 6(e) requires that an additional three days be added to the ten day period. In other words, an offer of judgment served by mail must be mailed more than 13 days before trial begins.

Initially, we note that C.R.C.P. 68 was repealed by the Colorado Supreme Court effective July 1, 1990, apparently in response to the passage of § 13-17-202, C.R.S. (1991 Cum.Supp.), which became effective May 31, 1990. Section 13-17-202*(3)*, C.R.S. (1991 Cum.Supp.) is almost identical to C.R.C.P. 68. Here, since the offer of judgment was mailed on May 24, 1990, C.R.C.P. 68 governs this proceeding.

C.R.C.P. 68 provides:

*At any time more than ten days before the trial begins,* a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. (emphasis added)

Thus, the defendant must serve the offer of judgment more than ten days before trial and the plaintiff must accept the offer within ten days after service. *Whitney v. Anderson,* 784 P.2d 830 (Colo.App. 1989). These time periods were established

to give the plaintiff adequate time to act on an offer of judgment before trial. *Cheek v. McGowan Electric Supply Co.*, 511 So.2d 977 (Fla.1987).

C.R.C.P. 5(b) provides that service by mail is complete upon mailing. However, C.R.C.P. 6(e), which sets forth the general methods for computation of time under the Colorado Rules of Civil Procedure, provides for an additional three days if a party must act "within a prescribed period after the service of a notice or other paper" and the notice is served by mail. *Bonanza Corp. v. Durbin*, 696 P.2d 818 (Colo.1985).

In language precisely directed to the circumstances before us, 4A C. Wright & A. Miller, *Federal Practice & Procedure* § 1171, (1987) states:

> The rule [providing for an additional three days] is clearly intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b), which provides that service is complete upon mailing, not receipt....

We find this authority persuasive and therefore hold that if an offer of judgment is served by mail, C.R.C.P. 6(e) extends by three days the period during which the plaintiff may accept the offer of judgment. Thus, an offer of judgment served by mail must be mailed more than thirteen days before the trial is set to begin.

Here, since the offer of judgment was mailed eleven days before trial and there were no unique circumstances justifying a deviation from the rule, *cf. Whitney v. Anderson, supra,* the trial court erred in ruling that the offer of judgment was timely.

The order concerning payment of costs is reversed, and the cause is remanded to the trial court for assessment of costs pursuant to C.R.C.P. 54(d).

TURSI and JONES, JJ., concur.