## STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND PROFESSIONAL LAND SURVEYORS, Appellee,

v.

### Orason Lee BRINKER, Respondent– Appellant.

### No. 96CA0437.

Colorado Court of Appeals, Div. II.

June 12, 1997.

Rehearing Denied July 10, 1997.

Certiorari Denied Dec. 22, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Lisa A. Coughlin, Assistant Attorney General, G. Charles Robertson, Assistant Attorney General, Denver, for Appellee.

Orason Lee Brinker, Pro Se.

Opinion by Judge DAVIDSON.

Respondent, Orason Lee Brinker, appeals from an order of the State Board of Registration for Professional Engineers and Professional Land Surveyors (Board) revoking his license to practice as a professional land surveyor. We dismiss the appeal for lack of jurisdiction.

After a complaint was filed against Brinker by another land surveyor, the Board, pursuant to § 12–25–109, C.R.S. (1991 Repl.Vol. 5A), investigated the complaint and then assigned the matter to an Administrative Law Judge (ALJ) for a hearing.

The ALJ heard testimony from a number of experts regarding Brinker's conduct and the generally accepted standards of practice of land surveying. On December 5, 1995, the ALJ issued an initial decision in which she found, among other things, that Brinker had

rejected acceptable collateral evidence of corners' positions and declared corners as lost rather than obliterated because he preferred to use a strict mathematical approach to establish the corners' locations. The ALJ determined that in doing so Brinker had violated the generally accepted standards of practice for the profession and that revocation of Brinker's license to practice as a professional land surveyor was the sole suitable sanction.

The initial decision was mailed to Brinker on December 8, 1995. It was accompanied by a letter informing him that the filing deadline for exceptions to the initial decision was thirty days from the date of mailing.

The Board's disciplinary counsel filed exceptions to the ALJ's initial decision within the thirty-day filing period. Brinker faxed an outline of exceptions to the Board on January 9, 1996. A full set of exceptions arrived by mail on January 10, 1996.

The Board, however, considered only the exceptions that had been filed as of Monday, January 8, 1996, the first working day after the running of the thirty-day period—that is, the exceptions filed by the Board's disciplinary counsel. After making minor changes for clarity and accuracy, the Board adopted the findings of fact and conclusions of law of the ALJ, and made the initial decision a final order of the agency.

By its decision to consider only the exceptions that had been filed by January 8, 1996, the Board necessarily has not ruled on the merits of Brinker's exceptions. However, Brinker does not challenge that determination. On appeal, his contention is that the ALJ's findings were wrong and that, therefore, the Board's order adopting these findings was in error.

■ In response, the Board has filed a motion to dismiss, asserting, *inter alia,* that appellate review is precluded by Brinker's failure to file timely exceptions and his failure to exhaust administrative remedies. Ruling on this motion was deferred until after the filing of briefs. We now hold that Brinker has failed to file timely exceptions to the ALJ's initial decision and, therefore, has waived his right to judicial review of the

Board's order. Hence, we do not address the other issues raised by the parties.

Section 24–4–105(14)(a)(II), C.R.S. (1996 Cum.Supp.), which governs here, provides that an appeal to the Board must be made:

with regard to initial decisions regarding agency action ... by filing exceptions within thirty days after service of the initial decision upon the parties....

And, § 24–4–105(16)(a), C.R.S. (1996 Cum. Supp.) specifically provides that service is effective on the date of mailing:

*Each* decision and *initial decision* shall be served on each party by personal service or by mailing by first–class mail to the last address furnished the agency by such party and, except as provided in paragraph (b) of this subsection (16), *shall be effective as to such party on the date mailed* or such later date as is stated in the decision.

(emphasis added)

Failure to file timely exceptions to the initial decision results in a waiver of the right to appeal. As stated in § 24–4–105(14)(c), C.R.S. (1996 Cum.Supp.):

Failure to file exceptions prescribed in this subsection (14) shall result in a waiver of the right to judicial review of the final order of such agency, unless that portion of such order subject to exception is different from the content of the initial decision.

Thus, by the plain language of these sections, the deadline for filing exceptions was January 7, 1996, thirty days after December 8, 1995, the day the initial decision was mailed to Brinker. Because January 7 fell on a Sunday, the operative deadline was Monday, January 8, 1996. Brinker's exceptions, received by mail on January 10, were not timely filed.

Brinker does not argue, nor would we agree, that, in faxing an outline to the Board on January 9, he complied with the January 8 filing deadline. He contends, however, that in placing the exceptions in the mail on January 8, he complied with the filing deadline, even though the exceptions did not arrive until two days later.

First, to the extent that Brinker argues that, because the initial decision was served

upon him by mail, C.R.C.P. 6(e) requires that three days be added to the thirty-day filing period, we disagree.

■ We recognize that C.R.C.P. 6(e) authorizes the addition of three days to the prescribed period for taking certain actions following service by mail. The purpose of this rule is to prevent the time required for mail delivery from systematically shortening the period for responses. *See Clark v. City of Gunnison,* 826 P.2d 402 (Colo.App.1991).

■ However, when a statute specifically establishes that the filing period begins at the time of mailing and provides that it ends a certain number of days later, the three day "mailing window" of C.R.C.P. 6(e) does not apply. *See Digital Equipment Corp. v. Industrial Claim Appeals Office,* 894 P.2d 54, 56 (Colo.App.1995) ("we are not at liberty to read non-existent terms into the plain language of the statute, nor to imply a 'mailing window' analogous to that provided under C.R.C.P. 6(e)"); *Vendetti v. University of Southern Colorado,* 793 P.2d 657 (Colo.App. 1990) (nothing in Administrative Procedure Act or applicable Personnel Board rule permits the addition of three-day grace period to filing time).

Secondly, we reject Brinker's contention that in placing his exceptions in the mail on January 8, 1995, he timely filed them.

■ Placing exceptions in the mail is not the same as filing. "Filing," as pertinent here, means "to deposit in the custody or among the records of the court" or "to deliver an instrument or other paper to the proper officer or official for the purpose of being kept on file by him as a matter of record and reference in the proper place." *See Black's Law Dictionary* 628 (rev. 6th ed. 1990); *Niles v. Shinkle,* 119 Colo. 458, 204 P.2d 1077 (1949) (deposit in the mail for delivery to the court does not constitute a filing).

Filing, therefore, requires an actual, physical presentation of documents to the appropriate official. *Cf.* C.R.C.P. 5(e) ("The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court.... The clerk shall not refuse to accept any paper presented for filing solely because it is not presented in proper form....").

Moreover, when the General Assembly has seen fit to dispense with the physical requirement of filing, it has done so expressly. *See, e.g.,* § 8–43–301(2), C.R.S. (1996 Cum.Supp.) ("The petition to review may be filed by mail, and shall be deemed filed upon the date of mailing...."). *See also* C.A.R. 25 ("[B]riefs shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized.").

■ Thus, absent an express statement to the contrary, to be timely filed, documents must be received by the official on or before the filing deadline. *See, e.g., Vendetti v. University of Southern Colorado, supra* (employee's appeal of hearing officer's decision was not timely filed when, under 30–day filing provision, it was mailed and postmarked 27 days after service by mail, but not received until 31 days after service).

Finally, we recognize that, pursuant to § 24–4–105(14)(c), a failure to file timely exceptions does not result in a waiver of the right to appeal any part of the final agency order that is different in content from the ALJ's initial decision. Here, however, the Board's changes were nonsubstantive and had no effect on the content of the decision.

Accordingly, the appeal is dismissed.

PLANK and BRIGGS, JJ., concur.