130 S.W.3d 560 (2004)
Kenny RAPIER, Commissioner of the Department of Parks, Tourism Cabinet, Commonwealth of Kentucky, in his Official Capacity as Appointing Authority, Appellant
v.
Eddie PHILPOT and Kentucky Personnel Board, Appellees.
Kentucky Personnel Board, Appellant
v.
The Tourism Development Cabinet, Department of Parks; Kenny Rapier, in his Official Capacity as Appointing Authority of the Tourism Development Cabinet; and Eddie Philpot, Appellees.
No. 2002-SC-0374-DG, 2002-SC-0407-DG.
Supreme Court of Kentucky.
January 22, 2004.
Rehearing Denied April 22, 2004.
*561 Sarah O. Hall, Assistant General Counsel, Tourism Cabinet, Frankfort, Counsel for Kenny Rapier, Commissioner of the Department of Parks, Tourism Cabinet, Commonwealth of Kentucky; and the Tourism Development Cabinet, Department of Parks.
Richard M. Guarnieri, Johnson, Judy, True & Guarnieri, Frankfort, Counsel for Eddie Philpot.
Steven G. Bolton, Mark A. Sipek, General Counsel, Kentucky Personnel Board, Frankfort, Counsel for Kentucky Personnel Board.
JOHNSTONE, Justice.
Appellee, Eddie Philpot, worked for Appellant, the Tourism Development Cabinet ("Tourism Cabinet"), for several years. The Tourism Cabinet dismissed Philpot on December 15, 1999, for misconduct related to his work. Because he was a classified employee with status, he could only be dismissed for cause. KRS 18A.095(2). Philpot appealed his dismissal as provided for in KRS 18A.095, and an administrative hearing on his dismissal was "conducted in accordance with KRS Chapter 13B." KRS 18A.095(18). In his written recommended order, the hearing officer concluded that Philpot violated 101 KAR 1:345(1) based on his findings that Philpot was guilty of improper work performance, misuse of state property, lying to a supervisor, poor management due to sexual relations with subordinates, and improper use of a state vehicle. The hearing officer recommended that Philpot be dismissed.
Philpot did not file exceptions to the hearing officer's recommended order, which was adopted almost in its entirety by the Personnel Board, including the recommendation that Philpot be dismissed. Philpot then petitioned the Franklin Circuit Court for judicial review of the Personnel Board's final order pursuant to KRS 13B.140(1). The Franklin Circuit Court dismissed the petition for lack of jurisdiction based on its conclusion thatby not filing exceptions to the hearing officer's reportPhilpot had failed to exhaust his administrative remedies before seeking judicial review as required by KRS 13B.140(2). Philpot appealed the dismissal of his petition to the Court of Appeals. The Court of Appeals held that filing exceptions was not an administrative remedy and, therefore, reversed the trial court. Further, the Court of Appeals held that Appellants failed to fully advise Philpot of his right to file exceptions as required *562 by law. As a consequence, the Court of Appeals held that Appellants were precluded from arguing on remand that the trial court's order should be dismissed because Philpot failed to file exceptions to the recommended order. We granted discretionary review. Upon careful review of the record and applicable law, we reverse.
I. JURISDICTION
The trial court relied heavily on our decision in Swatzell v. Commonwealth, Ky., 962 S.W.2d 866 (1998), in which we held that the failure to file exceptions to a hearing officer's report in an administrative proceeding conducted under KRS Chapter 350 precluded judicial review of the final order issued by the Secretary of the Natural Resources Cabinet. Swatzell, 962 S.W.2d at 870. As a result, the trial court dismissed Philpot's petition for lack of jurisdiction. We agree that the trial court correctly dismissed the petition. But we disagree that the trial court lacked jurisdiction. Rather, we hold that the petition was properly dismissed because, due to the posture of the case, there was no cognizable claim that Philpot could raise on judicial review.
KRS 13B.140(1) begins with the broad statement that "[a]ll final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter." But section (2) substantively qualifies this right: "A party may file a petition for judicial review only after the party has exhausted all administrative remedies available within the agency whose action is being challenged, and within any other agency authorized to exercise administrative review." The Cabinet's argument is that filing exceptions is an administrative remedy and, thus, judicial review is precluded by section (2). We disagree.
There are a number of cases (though not a large number) that address the question of whether a failure to file exceptions equates to a failure to exhaust an available administrative remedy. Unsurprisingly, the results are not uniform. The deciding factor in these cases is the role that filing exceptions plays in the statutory scheme for obtaining further administrative review.
In State Board of Registration for Professional Engineers and Professional Land Surveyors v. Brinker, 948 P.2d 96, 98 (Colo.App.1997), the Colorado Court of Appeals held that failure to file exceptions to a hearing officer's report precluded judicial review of an administrative agency's final order because it was a failure to exhaust administrative remedies. This holding was mandated by a statute that stated, "[f]ailure to file exceptions ... shall result in a waiver of the right to judicial review of the final order of such agency, unless that portion of such order subject to exception is different from the content of the initial decision." Id. But more importantly to the discussion here, under the statutory scheme examined in Brinker, the filing of exceptions to an "initial decision regarding agency action" provided the means of invoking an internal administrative appeal process. Id. In other words, the appellant's failure to file exceptions in Brinker resulted in the failure of the appellant to avail himself of an available administrative remedy. This is very different from the statutory scheme under examination in Ace Delivery Service, Inc. v. Boyd, 100 So.2d 417 (Fla.1958).
In Boyd, the relevant statute provided: If no exceptions are filed within said period, the proposed order and supporting memoranda, if any, will be considered and disposed of by appropriate action of the Commission. If exceptions *563 are filed within said period, such exceptions and memoranda, if any, supporting such proposed order shall stand for consideration with or without oral argument as the Commission may determine and shall be disposed of by order confined to the questions raised by the exceptions or by the Commission's final order.
Boyd, 100 So.2d at 419. This statute mandates further administrative review and the issuance of a final order by the "Commission." Thus in Boyd, the filing of exceptions was not a vehicle through which further administrative review was obtained. Moreover, under the statute, the Commission is not limited to issues raised by the exceptions in rendering its final order. Id. Thus, the Boyd Court concluded and held:
We have been referred to nothing in the Rule of the respondent Commission or the statutes applicable to procedures before the Commission which limits the Commission to a consideration of exceptions only at final hearing after a matter has been referred to an Examiner. It appears generally that in the absence of a proper rule or applicable statute on the subject it is not necessary that a party file formal exceptions to the report or proposed order of an Examiner in order to comply with the requirement that he exhaust his administrative remedies before seeking judicial review. See Vom Baur on Federal Administrative Law, Section 174 and Section 239. Also, Davis on Administrative Law, p. 320, Section 95 et seq.
Id.
The role that exceptions play in the statutory scheme set forth in KRS Chapter 13B is more like that of Boyd than of Brinker. That is, the filing of exceptions under Chapter 13B is not a means of obtaining further administrative review of a hearing officer's recommendation. Rather, regardless of whether exceptions are filed, the hearing officer is required to submit to the agency head "a written recommended order which shall include his findings of fact, conclusions of law, and recommended disposition of the hearing, including recommended penalties, if any." KRS 13B.110(1). After receiving the recommended order and the other material, the agency head is required to "render a final order in an administrative hearing within ninety (90) days." KRS 13B.120(4)(b). Further, "[i]n making the final order, the agency head shall consider the record including the recommended order and any exceptions duly filed to a recommended order." KRS 13B.120.
Thus, the filing of exceptions under a Chapter 13B administrative proceeding is not a prerequisite to obtaining administrative review of a hearing officer's recommended order. Nor is the agency head limited to the issues raised by the exceptions in rendering a final order. The agency head is required to review the entire record and to determine whether there is justificationaccording to the facts and the applicable lawfor adopting the recommended order. If the agency head deviates from the recommended order, it must make separate findings of fact and conclusions of law for any deviation from the recommended order. KRS 13B.120(2).
Under Chapter 13B, the filing of exceptions provides the means for preserving and identifying issues for review by the agency head. In turn, filing exceptions is necessary to preserve issues for further judicial review. Cf. Eiland v. Ferrell, Ky., 937 S.W.2d 713, 716 (1997) (failure to file objections to a domestic relations commissioner's report adopted by the trial court precluded challenging, on appeal, whether the trial court's order was supported by sufficient evidence). Under Kentucky law, *564 this rule of preservation precludes judicial review of any part of the recommended order not excepted to and adopted in the final order. Cf. United States v. Central Bank & Trust Co., Ky., 511 S.W.2d 212, 214 (1974). (The failure to file written objections to a commissioner's report precluded aggrieved party from "questioning on appeal the action of the circuit court in confirming the commissioner's [report].") Thus, when a party fails to file exceptions, the issues the party can raise on judicial review under KRS 13B.140 are limited to those findings and conclusions contained in the agency head's final order that differ from those contained in the hearing officer's recommended order.
In the case at bar, Philpot did not seek judicial review of any portion of the Personnel Board's final order that differs from the hearing officer's recommended order. Therefore, there are no issues before the Franklin Circuit Court that it can decide. Dismissal was proper.
Our holding today is inconsistent with our holding in Swatzell that the failure to file exceptions is a jurisdictional defect, even though the result in Swatzell would be the same under our analysis here. Therefore, we overrule Swatzell to the extent that it is inconsistent with the case at bar.
II. PRECLUSION
The Court of Appeals also held that the Appellants failed to fully advise Philpot of his "exception and appeal rights" in the Personnel Board's final order. As a result, the Court of Appeals held that the Appellants were "precluded from arguing that the case must be dismissed for failure to file exceptions never mentioned or alluded to in that final order." We disagree.
We begin by noting that no argument is made that Philpot's petition should have been dismissed for failure to perfect his appeal. Thus, having asserted his right to judicial review through his petition, Philpot's "appeal rights" were not impaired by the allegedly insufficient notice. Thus, we limit our discussion to the issue of whether Philpot was fully advised of his statutory right to file exceptions.
According to statute, the hearing officer's "recommended order shall also include a statement advising parties fully of their exception and appeal rights." KRS 13B.110(1). The hearing officer's recommended order in this case clearly complied with this directive. The last section of the recommended order is entitled EXCEPTIONS and states:
Any Exceptions and/or requests for Oral Argument hereto shall be filed within fifteen (15) days hereof and any Response to Exceptions shall be filed with five (5) days of the date the Exceptions are filed with the Board.
Each party has thirty (30) days after the Personnel Board issues a Final Order in which to appeal to the Franklin Circuit Court pursuant to KRS 13B.140 and 18A.100.
Thus, Philpot was fully advised of his right to file exceptions. The Court of Appeals' decision turned on its determination that the final order failed to advise Philpot of his right to file exceptions. But neither logic nor the applicable statute requires the final order to advise parties to a recommended order of their right to file exceptions. See KRS 13B.120(3). ("The final order shall also include the effective date of the order and a statement advising parties fully of available appeal rights." (Emphasis added.)) In other words, advising a party of the right to file exceptions in the final order is like explaining to rattled and bruised airline passengers how to fasten their seatbelts after the plane has made a sudden emergency landing.
*565 Therefore, we hold that the Cabinet and the Personnel Board were not precluded from arguing that this case should be dismissed for failure to advise Philpot of his right to file exceptions.
For the reasons set forth above, we reverse the opinion of the Court of Appeals.
LAMBERT, C.J.; COOPER and WINTERSHEIMER, JJ., concur.
STUMBO, J., dissents by separate opinion, with GRAVES and KELLER, JJ., joining that dissenting opinion.
STUMBO, Justice, dissenting.
Respectfully, I must dissent. Although I agree with the majority's conclusion that a failure to file exceptions, while not technically a failure to exhaust administrative remedies, permits judicial review of only those issues in the agency's final order that differ from the recommended order; I do not believe the agency's recommended order complied with KRS 13B.110, which mandates that the order "shall also include a statement advising parties fully of the exception and appeal rights." KRS 13B.110(1) (emphasis added).
The recommended order clearly does not inform the parties to a hearing that a failure to file exceptions will result in preclusion of judicial review of those issues not specifically excepted to. In order for a party to be fully advised of his or her "exception and appeal rights" he or she must be informed of the consequences of failing to file exceptions to the recommended order.
Accordingly, I would affirm the Court of Appeals' opinion in as much as it reversed the order of the Franklin Circuit Court dismissing Philpot's appeal of Appellants' final order. I would hold that Philpot should be allowed either to argue all relevant issues on his petition for judicial review, or be allowed to file exceptions to the recommended order and then repetition the Franklin Circuit Court for judicial review.
GRAVES and KELLER, JJ., join this dissent.