**KENTUCKY RETIREMENT SYSTEMS, Appellant**

v.

**Dianne CARSON, Appellee**

**2015-SC-000094-DG**

Supreme Court of Kentucky.

RENDERED: AUGUST 25, 2016

---

COUNSEL FOR APPELLANT:, Joseph Patrick Bowman, Anne Caroline Bass, Leigh Davis, Mathew Michael Galante, Katherine I. Rupinen, Carrie Slayton, Brian C. Thomas, Kentucky Retirement Systems

COUNSEL FOR APPELLEE:, Michael Sullivan, Elizabeth Ashley Burgess Coleman, Sullivan Law Office

## OPINION OF THE COURT BY JUSTICE KELLER

Dianne Carson first filed an application for retirement disability benefits in November 2007. Based on the recommendation of a hearing officer, the board of trustees of the Kentucky Retirement Systems (KERS)[1] denied Carson's claim. Carson did not seek judicial review of KERS's order, choosing instead to file a second application in October 2009. Based on a recommendation of a different hearing officer, KERS again denied Carson's claim. Carson sought judicial review and the Franklin Circuit Court reversed and remanded with instructions for KERS to consider all of the medical evidence Carson submitted. The Court of Appeals affirmed. We granted discretionary review to ad-

---

1. Carson was a member of the Kentucky Employees Retirement System, which is administered by the board of trustees of the Kentucky Retirement Systems. We use the initials KERS rather than KRS to avoid confusion with initials used to designate the Kentucky Revised Statutes.

dress KERS's arguments that the circuit court and the Court of Appeals misapplied the doctrine of *res judicata,* and that Carson had not properly preserved that issue. Having considered the record and the arguments of the parties, we affirm, albeit with somewhat different reasoning.

## I. BACKGROUND.

Carson began working for the office of Disability Determination Services as a Disability Adjudicator and became a member of KERS on August 15, 1997. Her job, which was sedentary, required her to review applications for Social Security disability benefits. On November 27, 2007, Carson filed an application for disability retirement benefits stating that: she had a heart attack on April 17, 2007; she suffered from congestive heart failure; and, as a result of her heart condition, she suffered from muscle pain, weakness, and "extreme fatigue." Because of these conditions, Carson felt that she could no longer perform "any occupation for remuneration or profit." Carson noted that she had attempted to return to work part-time in October 2007, but was only able to do so for two days. Her last date of paid employment was March 21, 2008, giving her approximately ten and a half years of service.

In support of her claim, Carson filed medical records from her cardiologist indicating that she suffered from non-ischemic cardiomyopathy, shortness of breath, wheezing, and fatigue. Based on test results from several echocardiograms, the physician noted that Carson had an ejection fraction that was 30-35% of normal. Furthermore, because of Carson's arrhythmia, her cardiologist implanted an Implantable Cardioverter Defibrillator (ICD), a pacemaker designed to control Carson's heart rate and to shock her heart if it stops beating.

KERS submitted Carson's application to Drs. Kimbal, Growse, and McElwain for an initial review. All three physicians recommended denying Carson's claim. Drs. Kimbel and Growse opined that Carson could return to work. Dr. McElwain questioned whether Carson had congestive heart failure, and he believed Carson's cardiomyopathy might have pre-existed her employment. Carson then submitted additional medical records. After review of those records, Drs. Growse and McElwain again recommended denial. However, Dr. Kimbel stated he needed additional information about Carson's failed return to work attempt and her treatment thereafter. Carson then requested a hearing.

Following that hearing, the hearing officer submitted findings of fact, conclusions of law and a recommended order, finding that the objective medical evidence did not support Carson's claim of permanent disability. In doing so, the hearing officer noted that: at least one cardiologist questioned whether Carson had congestive heart disease; her injection fraction had improved following her April 2007 heart attack; her heart rate and rhythm were under control with the ICD; and her complaints of fatigue decreased when she had her ICD optimized. Based on the preceding, the hearing officer recommended that Carson's claim be denied, Carson then filed detailed exceptions to the hearing officer's recommended order. However, KERS adopted that recommendation without change and denied Carson's claim.

As noted above, rather than seek judicial review of KERS's order, Carson filed a second application for benefits. In that application, Carson alleged that she suffered from myocarditis, fibromyalgia, and chronic fatigue syndrome, which cause constant fatigue, shortness of breath, and "flu like pain throughout [her] body." Carson also submitted medical records from several

cardiologists, a rheumatologist, and a pain management physician.

KERS submitted these records to Drs. Mullen, Keller[2], and Strunk. Drs. Mullen and Keller recommended denial of Carson's claim. In support of his recommendation, Dr. Mullen noted Carson's cardiac and chronic pain conditions had improved. Dr. Keller stated that he saw no objective evidence to support Carson's claim of fibromyalgia and chronic fatigue syndrome, and he could find no opinion from a cardiologist that Carson could not work. Dr. Strunk, on the other hand, opined that Carson was disabled by her cardiomyopathy. However, he also noted that her condition could improve to the point that she could return to work. Based on the physicians' reports, KERS notified Carson that it had again denied her claim.

Carson filed a request for a hearing and additional medical evidence regarding treatment she received before and after her last paid day of work. Included in those records were reports from two physicians indicating that she is incapable of work because of her chronic pain and cardiac conditions, and a report from a psychologist indicating she had begun therapy to help cope with pain and anxiety. At the hearing, Carson testified that she cannot return to work and that her fatigue and pain had increased since the first hearing.

Following the hearing, the hearing officer ordered the parties to file position statements. In its statement, KERS argued that, because Carson had not appealed the previous denial, the finding that she was not disabled was final and therefore binding under the doctrine of *res Judicata*. In the alternative, KERS argued that Carson had not met her burden of proving "permanent incapacity from sedentary employment." Carson argued that *res judicata* did not apply because Kentucky Revised Statute (KRS) 61.600(2) provides for a reapplication and reconsideration of a claim if the second application is "accompanied by new objective medical evidence." Additionally, Carson argued that the medical evidence clearly indicated that she had neither the physical nor psychological capacity to return to work.

The hearing officer, in his findings of fact, conclusions of law, and recommended order, set forth, verbatim, the findings the initial hearing officer had made regarding the medical evidence Carson submitted in support of her first application. The hearing officer then reviewed the medical evidence that Carson submitted in support of her second application and recommended, denial of Carson's claim.

Carson filed exceptions to the hearing officer's recommended order "incorporating by reference her Position Statement and Reply Statement as if fully set forth [t]herein." Carson also specifically argued that the hearing officer failed to make a determination regarding her residual functional capacity and her credibility. KERS adopted the hearing officer's recommendation and denied Carson's claim.

Carson then filed a complaint in Franklin Circuit Court, seeking judicial review of KERS's order. In her brief to the circuit court, Carson argued that KERS had improperly applied the doctrine of *res judicata* using it to bar any consideration of the medical records filed as part of the initial application. KERS argued that Carson had not properly preserved the issue of *res judicata* because she had not raised it in her exceptions. KERS also argued that its initial findings were binding and it had appropriately applied the doctrine of *res judicata*.

**2.** Dr. William Keller is not related to Justice Michelle M. Keller.

The circuit court reversed and remanded for further proceedings. In doing so, the court found that reconsideration of previously filed medical evidence is not foreclosed by *res judicata*. Furthermore, the court found that KRS 61.600(2) requires KERS to consider the totality of the evidence submitted when reconsidering a claim. Therefore, the court remanded this matter to KERS for a proper consideration of all of the medical evidence. KERS appealed and the Court of Appeals affirmed. This appeal followed.

KERS raises three issues on appeal: whether its decision was supported by evidence of substance; whether the circuit court and the Court of Appeals appropriately applied the doctrine of *res judicata* to Carson's second application; and whether Carson properly preserved the issue of *res judicata*.

## II. STANDARD OF REVIEW.

■ Although the parties, in particular KERS, have argued at length that this appeal concerns the doctrine of *res judicata*, we disagree. This appeal primarily concerns the appropriate review KERS must undertake when an employee files a reapplication for retirement disability benefits pursuant to KRS 61.600(2). That issue, which is dispositive, is one of statutory interpretation that we review *de novo*. *Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky.2013).

## III. ANALYSIS.

### A. Preservation.

■ KERS argues that Carson failed to properly preserve the application of the doctrine of *res judicata* in her exceptions, and notes that neither the circuit court nor

the Court of Appeals addressed this issue.[3] Carson argues that she adequately preserved the issue through incorporation by reference of her Position Statement and Reply Statement in her Exceptions. As noted above, and as explained below, the issue herein does not involve the doctrine of *res judicata*. That being noted, we believe that Carson adequately preserved the actual issue.

■ KERS is correct that, if a party fails to file exceptions, that party is limited to seeking judicial review of only "those findings and conclusions contained in the agency head's final order that differ from those contained in the hearing officer's recommended order." *Rapier v. Philpot*, 130 S.W.3d 560, 564 (Ky.2004). However, Carson did file exceptions in which she stated that: "While the Recommended Order explains away Claimant's impairments through lack of objective medical evidence and various other methods, the objective medical evidence of record was ignored ...." Whether the hearing officer should have and did ignore the medical evidence from Carson's first application is precisely the issue. Thus, albeit not as artfully as possible, Carson did preserve that issue for judicial review. Because Carson did preserve the issue, we need not address whether incorporation by reference of prior arguments in a party's exceptions is adequate to preserve an issue. However, we would recommend strongly against relying on that practice.

### B. Application of *Res Judicata*.

■ The rule of *res judicata* is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim

---

**3.** Although KERS takes exception to the circuit court and Court of Appeals ignoring this issue, we find no evidence in the record that KERS sought further review by either court through either a motion to alter, amend, or vacate, or a petition for rehearing.

preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action.

*Yeoman v. Commonwealth, Health Policy Bd.,* 983 S.W.2d 459, 464–65 (Ky.1998)(internal citations and footnote omitted).

█ If *res judicata* applied to this action, Carson would have been barred from filing a second application that was based on the same claim as her first application. However, KRS 61.600(2) requires KERS to accept an employee's timely filed "reapplication based on the same claim of incapacity" and to reconsider the claim "for disability if accompanied by new objective medical evidence." Thus, the statute specifically forecloses the application of *res judicata* to claims such as Carson's.

We note KERS's argument that "[t]he statute embodies the core element of *res judicata* that a different outcome is only warranted when new evidence is introduced sufficient to change the issue of whether permanent incapacity exists under KRS 61.600." We do not understand what KERS means by "chang[ing] the issue of whether permanent incapacity exists;" however, the statute makes no reference to outcomes or to the sufficiency of the evidence. That being noted, we agree with what we believe KERS is arguing, which is that a claimant cannot obtain different outcomes by simply re-submitting the same objective medical evidence for a second review.

The question then is, what review must KERS undertake when an employee appropriately files a second application based on the same claim. KRS 61.600(2) states that KERS shall reconsider the claim. "Reconsider" means "[t]o discuss or

take up (a matter) again." Black's Law Dictionary (10th ed. 2014). Thus, based on the plain meaning of the statute, KERS must take up the issue of disability again. To do so, KERS must review the objective medical evidence previously filed in conjunction with the new objective medical evidence filed as part of the reapplication proceedings. KERS cannot, as the hearing officer did herein, simply reiterate the previous findings and state that it is "bound by the findings of the Board of Trustee's (sic) Report and Order as to all evidence considered in the course of the first application concerning Claimant's job and condition(s)." Doing so does not amount to reconsidering the claim.

We note KERS's argument that, because Carson did not seek judicial review of its first determination, *res judicata* should apply. However, KRS 61.600(2) does not limit an employee's ability to file a second application nor does it limit KERS's reconsideration of such an application to claims that have been judicially reviewed. Furthermore, KRS 61.600(2) requires that any reapplication be filed within twenty-four months of the date of last paid employment. Requiring an employee to seek judicial review before reapplying would effectively nullify the reapplication process.

We look to Carson's reapplication as an example because she did not seek judicial review of her first application. Carson filed her second application on October 21, 2009. KERS denied the application on May 13, 2011 and Carson sought review in the Franklin Circuit Court, which did not render its opinion and order until February 4, 2013. The appeal process from that opinion and order has taken more than three years. If that had been Carson's first application, her twenty-four months in which to reapply would have long since expired. We recognize that nothing in the statute

would prevent an applicant from seeking judicial review of an initial application while simultaneously filing a second application. However, doing so would put both parties at risk of receiving irreconcilable decisions from KERS and/or the courts, which would be a waste of judicial and agency time and resources.

Because this case is being remanded for KERS to undertake the correct review of the evidence, we do not address whether the evidence was sufficient to support KERS's decision.

## IV. CONCLUSION.

The decision of the Court of Appeals is affirmed and this matter is remanded to KERS. On remand, KERS shall fully reconsider the evidence Carson filed with her first application and consider the evidence she filed with her reapplication. KERS shall then render a decision based on all of the evidence.

All sitting. All concur.