RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0833-MR

KEVIN THOMAS      APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.      HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 24-CI-00416

KENTUCKY PUBLIC PENSIONS
AUTHORITY      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, LAMBERT, AND MOYNAHAN, JUDGES.

LAMBERT, JUDGE: Kevin Thomas has appealed from the Franklin Circuit

Court's dismissal of an administrative appeal that arose from a retirement disability

action. Finding no error in the circuit court's dismissal of his petition, we affirm.

In February 2016, Thomas, who had been employed as a Lieutenant

Paramedic with the Central Campbell County Fire Department, filed an application

for hazardous disability retirement benefits after he injured his right shoulder in the line of duty the previous August while lifting lockers at Taylor Mill Fire Department. Thomas had been a member of County Employees Retirement System since June 1, 2001, and his last day of paid employment was June 30, 2016. Kentucky Public Pension Authority (the Agency) awarded Thomas hazardous disability retirement benefits and notified him of such by letter dated June 28, 2016. On July 13, 2016, Thomas asked the Agency to review his qualification for in line of duty (ILOD) benefits. By letter dated August 16, 2016, the Agency notified Thomas that he was not eligible for ILOD benefits and informed him of his right to appeal:

> This response constitutes a Final Agency Decision regarding this matter. Should you choose, you may request a [Kentucky Revised Statutes (KRS)] Chapter 13B administrative hearing to contest this decision. Your written request for a hearing must be received at the retirement office within thirty (30) days of the date of this letter and it must contain a short statement of the basis for your request. If you do not make a timely request for a hearing by filing a request with the Executive Director of the Kentucky Retirement Systems at our office in Frankfort, you may be barred from challenging this administrative action in any court or other proceeding.

Thomas did not choose to appeal that decision.

Subsequently, the Agency periodically reviewed Thomas's disability status via employment and medical reviews. In January 2022, an Agency medical

examiner recommended discontinuing Thomas's disability benefits because there was no support that he remained incapacitated from his job as a Lieutenant Paramedic. Thomas appealed the decision to discontinue his disability benefits in March 2022, and the matter was assigned to a hearing officer.

In November 2023, Thomas filed a motion challenging the amount of his benefits, arguing that he should be receiving additional compensation pursuant to KRS 16.582 because he was a tier 1 employee; in other words, ILOD benefits. The Agency disputed his entitlement to ILOD benefits as untimely filed, as he had failed to appeal the Agency's August 2016 final determination on his ineligibility.

After reviewing the record, the hearing officer entered findings of fact, conclusions of law, and a recommended order on February 12, 2024, recommending a finding in Thomas's favor that the Agency had not met its burden to show that he was no longer physically incapacitated to perform his job. Therefore, the hearing officer recommended that Thomas was entitled to a continuation of his hazardous disability retirement benefits.

However, as to Thomas's motion for ILOD benefits, the hearing officer recommended denying that motion because Thomas failed to timely appeal the August 16, 2016, determination that he was not entitled to such benefits. The recommended order included information about exceptions and appeal rights:

> Pursuant to KRS 13B.110(4), a party has the right to file exceptions to this recommended Order.

A copy of the hearing officer's recommended order shall also be sent to each party in the hearing and each party shall have fifteen (15) days from the date the recommended order is mailed within which to file exceptions to the recommendations with the agency head. Transmittal of a recommended order may be sent by regular mail to the last known address of the party.

Failure to file exceptions will result in preclusion of judicial review of those issues not specifically excepted to. On appeal, a circuit court will consider only the issues a party raised in written exceptions. *See* Rapier v. Philpot, 130 S.W.3d 560 (Ky. 2004).

A party also has the right to appeal the Final Order of the agency pursuant to KRS 13B.140 which states as follows:

(1) All final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue, as provided in the agency's enabling statutes, within thirty (30) days after the final order of the agency is mailed or delivered by personal service. If venue for appeal is not stated in the enabling statutes, a party may appeal to Franklin Circuit Court or the Circuit Court of the county in which the appealing party resides or operates a place of business. Copies of the petition shall be served by the petitioner upon the agency and all parties of record. The petition shall include the names and addresses of all parties to the proceeding and the agency involved, and a statement of the grounds on which the review is requested.

The petition shall be accompanied by a copy of the final order.

(2) A party may file a petition for judicial review only after the party has exhausted all administrative remedies available within the agency whose action is being challenged, and within any other agency authorized to exercise administrative review.

The administrative record does not reflect that any exceptions were filed by either party (although it appears, based upon exhibits the Agency attached to its motion to dismiss below, that Thomas attempted to file a late "appeal" with the Agency that it returned and did not include in the administrative record), and the Agency entered a final order on March 25, 2024. In the final order, the Agency corrected several typographical errors in the hearing officer's recommended order, but otherwise adopted it as its final order.

Thomas then sought review in the Franklin Circuit Court. In his petition, Thomas alleged that he was never made aware of the full benefits determination until he asked the retirement board, and that the retirement board never told him about his right to appeal, which prevented him from filing a timely appeal.

The Agency moved the court to dismiss Thomas's petition pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f) and *Rapier v. Philpot*, 130 S.W.3d 560 (Ky. 2004), for failure to state a claim upon which relief could be

granted because Thomas had failed to file any exceptions to the hearing officer's recommended order and, therefore, failed to preserve any issues for further review. In response, Thomas argued that because the issues were raised to the administrative body during arguments and the recommended and final orders were different from each other, exceptions were not necessary because "the evidence was preserved," citing 105 Kentucky Administrative Regulations 1:215 and *Puckett v. Cabinet for Health and Family Services*, 621 S.W.3d 402 (Ky. 2021).

During the hearing on the motion, Thomas, through counsel, stated that he had not filed exceptions because there were only two issues on the record. The Agency agreed with Thomas that if the final order differs from the recommended order, those portions do not need to be preserved with exceptions. But here, the final order adopted the recommended order and only made minimal typographical corrections. There were no substantive changes to the conclusions or recommended order. Thomas also continued to argue that he was not presented with all of the information in 2016 so that he could appeal the denial of ILOD benefits.

The circuit court granted the Agency's motion to dismiss via an order entered June 10, 2024, based upon Thomas's failure to file exceptions to the recommended order pursuant to KRS Chapter 13B and *Rapier*, *supra*. The court reasoned as follows:

Like Philpot, [Thomas] failed to file exceptions to the Recommended Order and the Recommended Order was adopted by the Board in its entirety, absent typographical errors. Thus, there are no issues that this Court may review. Despite raising issues at the administrative level, [Thomas] was still required to preserve issues for review on appeal. Therefore, the Court is required to dismiss this matter.

This appeal now follows.

Our standard of review is set forth in *Littleton v. Plybon*, 395 S.W.3d 505, 507 (Ky. App. 2012):

"It is well settled in this jurisdiction when considering a motion to dismiss under [Kentucky Rules of Civil Procedure (CR) 12.02], that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)). "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)).

(Footnote omitted.) *See also Saint Joseph Hosp. v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013) ("The issue presented concerns statutory interpretation, which is purely a question of law, which we review *de novo*.").

Before we may reach the merits of Thomas's appeal, we must address several procedural issues raised by the Agency. In his appellate brief, Thomas

-7-

argues that the Agency did not have jurisdiction to reduce his benefits, which makes the reduction void *ab initio* and does not require exceptions as jurisdiction can be asserted at any time, regardless of preservation. The Agency contends that the claim is not properly before this Court because Thomas raised the issue for the first time in his appellate brief, he failed to list the issue in his prehearing statement, and his brief does not have a sufficient preservation statement or citations to the record. We agree with the Agency on all three allegations.

First, it is well-settled that "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). "The proper role for an appellate court is to review for error – and there can be no error when the issue has not been presented to the trial court for decision." *Norton Healthcare, Inc. v. Deng*, 487 S.W.3d 846, 852 (Ky. 2016) (citation in footnote omitted). As the Agency states, Thomas's arguments below were that he had preserved the issue because he had presented the question to the hearing officer and because the final order was not identical to the recommended order. He abandoned both of these arguments in this appeal, although he would not have prevailed on either had he presented them.

Second, Kentucky Rules of Appellate Procedure (RAP) 22(C)(2) mandates that "[a] party shall be limited on appeal to issues identified in the prehearing statement, except that upon a timely motion demonstrating good cause,

the Court of Appeals may permit additional issues to be raised." In his prehearing statement, Thomas stated that, "[t]he only issue is whether the filing of exceptions is necessary when the issue is part of the original cause of action." That statement does not encompass whether the Agency's decision regarding ILOD benefits was void *ab initio*.

And third, while we certainly agree with the Agency that Thomas did not include an adequate preservation statement or citations to the record pursuant to RAP 32(A)(3) and (4),[1] we recognize that counsel for Thomas encountered some problems obtaining the record of the administrative action. However, counsel should at least have had access to the circuit court's written and video record, which did not establish that the issue raised on appeal was first raised before the circuit court.

Accordingly, we decline to consider the issue Thomas raised in his brief because it was not preserved for our review by being raised previously or included as an issue in the prehearing statement. We also reject Thomas's argument that he did not need to preserve this argument because the original order, which he claims did not award him the full amount of benefits to which he believed he was entitled, was void. "Regarding judgments, we have previously

---

[1] RAP 10(B) provides that "the failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate," which could include striking of the brief, imposition of fines on counsel, or dismissal of the appeal.

held that '[t]he generally accepted rule is that where the court has jurisdiction of parties and subject matter, the judgment, if erroneous, is voidable, not void.'" *Puckett*, 621 S.W.3d at 410 (quoting *Dix v. Dix*, 310 Ky. 818, 222 S.W.2d 839, 842 (Ky. 1949)). Here, the Agency had "jurisdiction" over Thomas and the subject matter, and it had the authority to determine whether he qualified for ILOD benefits; therefore, the original order was not void, but merely voidable. As such, it was "not reviewable 'at any time' in the way that a void action would be. The issue needed to be preserved by presentation to the hearing officer or the Board, but it was not." *Puckett*, 621 S.W.3d at 411.

Finally, although we need not address the propriety of the order on appeal, we agree with the Agency that the circuit court properly dismissed Thomas's petition based upon the holding in *Rapier*, *supra*.

> Under Chapter 13B, the filing of exceptions provides the means for preserving and identifying issues for review by the agency head. In turn, filing exceptions is necessary to preserve issues for further judicial review. Under Kentucky law, this rule of preservation precludes judicial review of any part of the recommended order not excepted to and adopted in the final order. Thus, when a party fails to file exceptions, the issues the party can raise on judicial review under KRS 13B.140 are limited to those findings and conclusions contained in the agency head's final order that differ from those contained in the hearing officer's recommended order.

130 S.W.3d at 563-64 (citations omitted). There is no dispute that Thomas did not file any exceptions to the hearing officer's recommended order, and the final order

merely corrected typographical errors in the recommended order. Therefore, Thomas had to file exceptions to the recommended order to preserve the issue of his entitlement to ILOD benefits for further review. Because there were no preserved errors to review, we hold that the circuit court properly dismissed the petition.

For the foregoing reasons, the order of the Franklin Circuit Court dismissing Thomas's petition for judicial review is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Carl E. Knochelmann Jr.
Larry S. Shelton
Covington, Kentucky

BRIEF FOR APPELLEE:

Nathan W. Goodrich
Carrie B. Slayton
Frankfort, Kentucky